No. 24-30706

# In the United States Court of Appeals for the Fifth Circuit

Darcy Roake, Reverand, on behalf themselves and on behalf of their minor children, real party in interest A.V., real party in interest S.V.; Adrian Van Young, on behalf of themselves and on behalf of their minor children, real party in interest A.V., real party in interest S.V.; Mamie Broadhurst, Reverend, on behalf of themselves and on behalf of their minor child, real party in interest N.W.; Richard Williams, Reverend, on behalf of themselves and on behalf of their minor child, real party in interest N.W.; Jeff Sims, Reverend, on behalf of himself and on behalf of his minor children, real party in interest A.S., real party in interest C.S. 1, real party in interest C.S. 2; Jennifer Harding, on behalf of themselves and on behalf of their minor child, real party in interest A.O.; Benjamin Owens, on behalf of themselves and on behalf of their minor child, real party in interest A.O.; David Hawley, on behalf of themselves and on behalf of their minor children real party in interest A.H., real party in interest L.H.; Erin Hawley, on behalf of themselves and on behalf of their minor children, real party in interest A.H, real party in interest L.H.; Dustin McCrory, on behalf of themselves and on behalf of his minor children, real party in interest E.M.; real party in interest P.M., real party in interest L.M.; Gary Sernovitz, on behalf of themselves and on behalf of their minor child, real party in interest T.S.; Molly Pulda, on behalf of themselves and on behalf of their minor child. real party in interest T.S.; Christy Alkire, on behalf of herself and on behalf of her minor child, real party in interest L.A.; Joshua Herlands, on behalf of himself and on behalf of his minor children, real party in interest E.H., real party in interest J.H.,

*Plaintiffs-Appellees*

v.

Cade Brumley, in his official capacity as the Louisiana State Superintendent of Education; Conrad Appel, in his official capacity

AS A MEMBER OF THE LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION (LSBESE); JUDY ARMSTRONG, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; KEVIN BERKEN, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; PRESTON CASTILLE, IN HIS OFFICIAL CAPACITY AS A MEMBER OF LSBESE; SIMONE CHAMPAGNE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SHARON LATTEN-CLARK, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; LANCE HARRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF LSBESE; PAUL HOLLIS, LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION; SANDY HOLLOWAY, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; STACEY MELERINE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; RONNIE MORRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; EAST BATON ROUGE PARISH SCHOOL BOARD; LIVINGSTON PARISH SCHOOL BOARD; VERNON PARISH SCHOOL BOARD; ST. TAMMANY PARISH SCHOOL BOARD,

*Defendants-Appellants*

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:24-cv-517, Hon. John W. deGravelles

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR ADMINISTRATIVE STAY PENDING DISPOSITION OF THE STATE'S FORTHCOMING MOTION FOR STAY PENDING APPEAL**

SIMPSON THACHER & BARTLETT LLP
JONATHAN K. YOUNGWOOD,
MS BAR NO. 106441
425 LEXINGTON AVENUE
NEW YORK, NY 10017
(212) 455-2000
JYOUNGWOOD@STBLAW.COM

The State Defendants' emergency motion for an administrative stay (the "Motion") of the Notice Provision of the district court's November 12, 2024, Order is procedurally improper and without merit. For the reasons set forth below, it should be denied.

## ARGUMENT

**I.     The State Defendants' Motion Improperly Raises Arguments for the First Time on Appeal That Were Not Raised Below.**

A "district court should have the opportunity to rule on the reasons and evidence presented in support of a stay, unless it clearly appears that further arguments in support of the stay would be pointless in the district court." *Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981); *see also* 16A Wright & Miller, Fed. Prac. & Proc. Juris. § 3954 (5th ed. 2024) ("The cardinal principle with respect to stay applications . . . is that the relief ordinarily must first be sought in the lower court."). The State Defendants have failed to comply with this rule.[1]

---

[1] While the State Defendants' Motion is not technically filed pursuant to Rule 8, the same principles should apply and the strictures are especially pertinent here because the State Defendants' administrative stay request is tied directly to their forthcoming Rule 8 motion for a stay pending appeal. *See* Mot. At 5. It follows that they will likewise be barred from raising new arguments against the Notice

1

Before the district court even ruled in the case, Defendants prematurely sought a stay pending appeal. The lone paragraph of their motion to dismiss dedicated to this alternative request for a stay does not even mention a stay of any potential Notice Provision, *see* Ex. B at 49, despite the fact that Plaintiffs' motion for preliminary injunction explicitly called for an order commanding the State Defendants to "provide a copy of any preliminary injunction granted to all Louisiana public elementary, secondary, and charter schools, and all public post-secondary education institutions," Ex. A at 1–2.

Defendants' only discussion of the Notice Provision in their briefing appeared in a single paragraph, in which they cited Justice Gorsuch's concurring opinion in *Labrador v. Poe*, 144 S. Ct. 921, 921 (2024), but made none of the other arguments set forth in their Motion here, including their free-speech and anti-commandeering arguments. Ex. B at 48–49. Nor did they make any arguments before the district court pertaining to the irreparable harm the state would allegedly suffer as a result of any Notice Provision or the balance of equities and

---

Provision in that motion, undercutting any likelihood of success on the merits that they may have on that issue.

public interest vis-à-vis such a Notice Provision. All of these arguments should be presented first to the district court. *See Ruiz*, 650 F.2d at 567 ("It is clear that, with respect to some of the contentions and affidavits presented in and with the State's motion for stay pending appeal, the district court would not be hearing anything new . . . However, it is also apparent from the materials presented to this court in support of the State's motion for stay that some of these matters were not presented to the district judge and should be so considered by him prior to any action by this court.").

The State Defendants' Motion highlights precisely why they the district court—and not this Court—is the proper initial audience for the relief sought. For example, the Notice Provision does not specify any deadline for providing notice, and it does not impose any monitoring of State Defendants' compliance therewith. Thus, whether the State Defendants are correct that they are now subject to "the threat of sanctions" is simply not clear. When and under what circumstances would the district court sanction the State Defendants for refusing to provide notice? What, exactly, is required of State Defendants to comply with the Notice Provision? These are questions that only the

3

district court can answer, and which, unanswered, render the requested stay here premature and improper.

## II. The Notice Provision is Proper.

The Notice Provision is well within the district court's authority to order, and it imposes no considerable burden on the State Defendants. The State Defendants wrongly assert that "it is undisputed that Plaintiffs sued for an injunction against only five Louisiana school boards." Mot. at 7. To the contrary, and as the case caption makes clear, Plaintiffs additionally sued the State Defendants to restrain them from aiding in the unconstitutional implementation of H.B. 71, including by carrying out their obligations under the Act. *See* Ex. A at 1 (seeking relief "restraining, enjoining, and/or prohibiting (1) *all Defendants* and their officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with them, from . . . enforcing[] House Bill No. 71") (emphasis added).

Under H.B. 71, the State Defendants have statewide duties, which they neither contest nor acknowledge in the Motion. The statute requires BESE to "adopt rules and regulations . . . to ensure the proper

4

implementation of" the law throughout the state. H.B. 71(B)(6)(a); *see* Order at 8 ("[C]ontrary to AG Defendants' position, these defendants have a particular duty to enforce the Act, a willingness to do so, and the ability to compel and constrain others to obey the challenged law."). The district court's injunction appropriately prohibits them from carrying out these statewide duties in violation of the First Amendment. *See, e.g.*, *New York v. United States*, 505 U.S. 144, 179 (1992) ("[T]he Supremacy Clause makes federal law paramount over the contrary positions of state officials; the power of federal courts to enforce federal law thus presupposes some authority to order state officials to comply."). And the Notice Provision is "properly viewed as ancillary to the prospective relief already ordered" by the district court. *Quern v. Jordan*, 440 U.S. 332, 349 (1979).

### III. The State Defendants' Free Speech Arguments are Without Merit.

The First Amendment exists to protect private speakers from government action, not to protect the government from penalties imposed by courts vindicating litigants' rights. *Cf. Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2407 (2024) (directing this Court to revisit its decision regarding government regulation of private curation because,

5

though "[s]tates (and their citizens) are of course right to want an expressive realm in which the public has access to a wide range of views . . . the way the First Amendment achieves that goal is by preventing the government from tilting public debate in a preferred direction." (cleaned up and citation omitted)). While states may generally have the right to speak on their own behalf, Defendants have pointed to no case holding that the Free Speech Clause somehow entitles government actors to refuse to carry out judicially imposed remedies that may involve some form of expression. Indeed, Defendants' argument here would subject to First Amendment scrutiny any law or court order requiring the government to provide a written or oral statement—for example, a directive to file a particular brief or send a written notice, or even the requirement that government officials provide Miranda warnings. This would lead to untenable and potentially disastrous results.

Moreover, the district court's order does not compel the state Defendants to "endorse" anything. It merely requires them to notify schools of the court's order finding that H.B. 71 is unconstitutional.

Defendants have numerous other avenues and vehicles through which they may tout their view that H.B. 71 is constitutional.

Dated: November 14, 2024

By:  /s/  Jonathan K. Youngwood

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
jyoungwood@stblaw.com

*Attorneys for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 14, 2024, an electronic copy of the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit and served on counsel for Appellants using the appellate CM/ECF system.

Dated:     November 14, 2024

                                        s/ Jonathan K. Youngwood
                                        Jonathan K. Youngwood
                                        SIMPSON THACHER & BARTLETT LLP
                                        425 Lexington Avenue
                                        New York, NY 10017
                                        Tel: (212) 455-3539
                                        jyoungwood@stblaw.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,231 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman.

Dated:   November 14, 2024

s/ Jonathan K. Youngwood  
Jonathan K. Youngwood  
SIMPSON THACHER & BARTLETT LLP  
425 Lexington Avenue  
New York, NY 10017  
Tel: (212) 455-3539  
jyoungwood@stblaw.com