# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 20, 2024

Mr. Jorge Benjamin Aguinaga
Louisiana Department of Justice
1885 N. 3rd Street
Baton Rouge, LA 70802

    No. 24-30706   Roake v. Brumley
                         USDC No. 3:24-CV-517

Dear Mr. Aguinaga,

In light of the court order of November 19, 2024, granting the motion to expedite the above captioned appeal, please adhere to the following expedited briefing schedule.

- Appellants brief is due on 12/10/2024
- Appellees brief is due on 12/30/2024
- Appellants reply brief is due on 01/10/2025

The case is tentatively calendared for oral argument the week of January 20, 2025. A copy of the court's printed calendar indicating the exact date and time of the hearing will be provided prior to the hearing date. Please adhere to the expedited briefing schedule without requesting extensions in order to ensure the availability of the briefs to the court prior to oral argument.

Record Excerpts: 5th Cir. R. 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record excerpts filed with the court must contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

Brief and Record Excerpts Covers: THE CASE CAPTION(S) ON BRIEF AND RECORD EXCERPTS COVERS MUST BE EXACTLY THE SAME AS THE CASE CAPTION(S) ON THE ENCLOSED TITLE CAPTION SHEET(S). YOU WILL HAVE TO CORRECT ANY MODIFICATIONS YOU MAKE TO THE CAPTION(S) BEFORE WE SUBMIT YOUR BRIEF AND RECORD EXCERPTS TO THE COURT.

Dismissal of Appeals: The clerk may dismiss appeals without notice if you do not file a brief on time, or otherwise fail to comply with the rules.

<u>Appearance Form:</u> If you have not electronically filed a "Form for Appearance of Counsel," you must do so within 14 days of this date. You must name each party you represent, See Fed. R. App. P. and 5th Cir. R. 12.  The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov.

<u>ATTENTION ATTORNEYS:</u>  Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis.  Counsel can expect to receive notice once access to the EROA is available.  Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized.  Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.  Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA.  Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

**<u>Guidance Regarding Citations in Pleadings.</u>**

5th Cir. R. 28.2.2 grants the Clerk the authority to create a standard format for citation to the electronic record on appeal.  You must use the proper citation format when citing to the electronic record on appeal.

- A.  In single record cases, use the short citation form, "ROA" followed by a period, followed by the page number.  For example, "ROA.123."

- B.  For multiple record cases, cite "ROA" followed by a period, followed by the Fifth Circuit appellate case number of the record referenced, followed by a period, followed by the page of the record.  For example, "ROA.13-12345.123.".

- C.  Please note each individual citation must end using a termination of a period (.) or semicolon (;).

<u>Brief Template:</u>  The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief.  To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

<u>Reminder as to Sealing Documents on Appeal:</u>  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is

the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Dantrell L. Johnson, Deputy Clerk
504-310-7689

Enclosure(s)

cc w/encl:
- Ms. Nora Ahmed
- Mr. Joseph Charles Davis
- Mr. Patrick Elliott
- Mr. Zachary Faircloth
- Mr. Benjamin Fleshman
- Ms. Kelsey Flores
- Mr. Samuel Troxell Grover
- Mr. Alex J. Luchenitser
- Mr. Daniel Mach
- Mr. Charles Andrew Perry
- Mr. Eric C. Rassbach
- Ms. Amanda Leigh Salz
- Ms. Heather Weaver
- Mr. Jonathan K. Youngwood

Case No. 24-30706

Darcy Roake, Reverend, on behalf themselves and on behalf of their minor children, real party in interest A.V., real party in interest S.V.; Adrian Van Young, on behalf of themselves and on behalf of their minor children, real party in interest A.V., real party in interest S.V.; Mamie Broadhurst, Reverend, on behalf of themselves and on behalf of their minor child, real party in interest N.W.; Richard Williams, Reverend, on behalf of themselves and on behalf of their minor child, real party in interest N.W.; Jeff Sims, Reverend, on behalf of himself and on behalf of his minor children, real party in interest A.S., real party in interest C.S. 1, real party in interest C.S. 2; Jennifer Harding, on behalf of themselves and on behalf of their minor child, real party in interest A.O.; Benjamin Owens, on behalf of themselves and on behalf of their minor child, real party in interest A.O.; David Hawley, on behalf of themselves and on behalf of their minor children real party in interest A.H., real party in interest L.H.; Erin Hawley, on behalf of themselves and on behalf of their minor children, real party in interest A.H, real party in interest L.H.; Dustin McCrory, on behalf of themselves and on behalf of his minor children, real party in interest E.M.; real party in interest P.M., real party in interest L.M.; Gary Sernovitz, on behalf of themselves and on behalf of their minor child, real party in interest T.S.; Molly Pulda, on behalf of themselves and on behalf of their minor child. real party in interest T.S.; Christy Alkire, on behalf of herself and on hehalf of her minor child, real party in interest L.A.; Joshua Herlands, on behalf of himself and on behalf of his minor children, real party in interest E.H., real party in interest J.H.,

                    Plaintiffs - Appellees

v.

Cade Brumley, in his official capacity as the Louisiana State Superintendent of Education; Conrad Appel, in his official capacity as a member of the Louisiana State Board of Elementary and Secondary Education (LSBESE); Judy Armstrong, in her official capacity as a member of the LSBESE; Kevin Berken, in his official capacity as a member of the LSBESE; Preston Castille, in his official capacity as a member of LSBESE; Simone Champagne, in her official capacity as a member of the LSBESE; Sharon Latten-Clark, in her official capacity as a member of the LSBESE; Lance Harris, in his official capacity as a member of LSBESE; Paul Hollis, Louisiana State Board of Elementary and Secondary Education; Sandy Holloway, in her official capacity as a member of the LSBESE; Stacey Melerine, in her official capacity as a member of the LSBESE; Ronnie Morris, in his official capacity as a member of the LSBESE; East Baton Rouge Parish School Board; Livingston Parish School Board; Vernon Parish School Board; St. Tammany Parish School Board,

                    Defendants - Appellants