No. 24-30706

# In the United States Court of Appeals for the Fifth Circuit

DARCY ROAKE, REVEREND, ON BEHALF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL PARTY IN INTEREST S.V.; ADRIAN VAN YOUNG, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL PARTY IN INTEREST S.V.; MAMIE BROADHURST, REVEREND, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST N.W.; RICHARD WILLIAMS, REVEREND, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST N.W.; JEFF SIMS, REVEREND, ON BEHALF OF HIMSELF AND ON BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST A.S., REAL PARTY IN INTEREST C.S. 1, REAL PARTY IN INTEREST C.S. 2; JENNIFER HARDING, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST A.O.; BENJAMIN OWENS, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST A.O.; DAVID HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN REAL PARTY IN INTEREST A.H., REAL PARTY IN INTEREST L.H.; ERIN HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.H, REAL PARTY IN INTEREST L.H.; DUSTIN MCCRORY, ON BEHALF OF THEMSELVES AND ON BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST E.M.; REAL PARTY IN INTEREST P.M., REAL PARTY IN INTEREST L.M.; GARY SERNOVITZ, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST T.S.; MOLLY PULDA, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST T.S.; CHRISTY ALKIRE, ON BEHALF OF HERSELF AND ON BEHALF OF HER MINOR CHILD, REAL PARTY IN INTEREST L.A.; JOSHUA HERLANDS, ON BEHALF OF HIMSELF AND ON BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST E.H., REAL PARTY IN INTEREST J.H.,

*Plaintiffs-Appellees,*

v.

CADE BRUMLEY, IN HIS OFFICIAL CAPACITY AS THE LOUISIANA STATE SUPERINTENDENT OF EDUCATION; CONRAD APPEL, IN HIS OFFICIAL CAPACITY

AS A MEMBER OF THE LOUISIANA STATE BOARD OF ELEMENTARY AND
SECONDARY EDUCATION (LSBESE); JUDY ARMSTRONG, IN HER OFFICIAL
CAPACITY AS A MEMBER OF THE LSBESE; KEVIN BERKEN, IN HIS OFFICIAL
CAPACITY AS A MEMBER OF THE LSBESE; PRESTON CASTILLE, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SIMONE CHAMPAGNE, IN
HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SHARON LATTEN-
CLARK, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; LANCE
HARRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; PAUL
HOLLIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SANDY
HOLLOWAY, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE;
STACEY MELERINE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE
LSBESE; RONNIE MORRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE
LSBESE; EAST BATON ROUGE PARISH SCHOOL BOARD; LIVINGSTON PARISH
SCHOOL BOARD; VERNON PARISH SCHOOL BOARD; ST. TAMMANY PARISH
SCHOOL BOARD,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:24-cv-517, Hon. John W. deGravelles

---

## PLAINTIFFS-APPELLEES' RESPONSE TO DEFENDANTS-APPELLANTS' PETITION FOR INITIAL HEARING EN BANC

Heather L. Weaver
Daniel Mach
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, Ste. 600
Washington, DC 20005
(202) 675-2330
hweaver@aclu.org
dmach@aclu.org

Jonathan K. Youngwood
Janet A. Gochman
SIMPSON THACHER & BARTLETT
LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com

*Counsel for Plaintiffs-Appellees*
*(continued on inside cover)*

*Additional Counsel for Plaintiffs-Appellees*

Nora Ahmed
Charles Andrew Perry
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA
PO Box 56157
New Orleans, LA 70156
(504) 522-0628
nahmed@laaclu.org
aperry@laaclu.org

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701
(608) 256-8900
patrick@ffrf.org
sam@ffrf.org

V. Noah Gimbel
Nicholas J. Prendergast
Jordan T. Krieger
SIMPSON THACHER & BARTLETT
LLP
900 G Street, NW
Washington, D.C. 20001
(202) 636-5500
noah.gimbel@stblaw.com
nicholas.prendergast@stblaw.com
jordan.krieger@stblaw.com

Alex J. Luchenitser
AMERICANS UNITED FOR
SEPARATION OF CHURCH & STATE
1310 L Street, NW, Ste. 200
Washington, DC 20005
(202) 466-7306
luchenitser@au.org

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies pursuant to Fifth Circuit Rule 27.4 and Rule 28.2.1 that the following listed persons and private entities have an interest in the outcome of this case, including all private practice lawyers and private law firms currently engaged in this litigation.

**Plaintiffs-Appellees**: Darcy Roake, Reverend, and Adrian Van Young, on behalf of themselves and their minor children, real parties in interest A.V. and S.V.; Mamie Broadhurst, Reverend, and Richard Williams, Reverend, on behalf of themselves and their minor child, real party in interest N.W.; Jeff Sims, Reverend, on behalf of himself and on behalf of his minor children, real parties in interest A.S., C.S. 1, and C.S. 2.; Jennifer Harding and Benjamin Owens, on behalf of themselves and on behalf of their minor child, real party in interest A.O.; David and Erin Hawley, on behalf of themselves and on behalf of their minor children real parties in interest A.H. and L.H.; Dustin McCrory, on behalf of himself and on behalf of his minor children, real parties in interest E.M., P.M., and L.M.; Gary Sernovitz and Molly Pulda, on behalf of themselves and on behalf of their minor child, real party in interest T.S.; Christy

Alkire, on behalf of herself and on behalf of her minor child, real party in interest L.A.; and Joshua Herlands, on behalf of himself and on behalf of his minor children, real parties in interest E.H. and J.H., represented by American Civil Liberties Union Foundation Attorneys Heather L. Weaver and Daniel Mach; American Civil Liberties Union Foundation of Louisiana attorneys Nora Ahmed and Charles Andrew Perry; Americans United for Separation of Church & State attorney Alex J. Luchenitser; Freedom From Religion Foundation attorneys Patrick C. Elliot and Samuel T. Grover; and Simpson Thacher & Bartlett LLP attorneys Jonathan K. Youngwood, Janet A. Gochman, V. Noah Gimbel, Nicholas J. Prendergast, and Jordan T. Krieger.

Date: December 2, 2024

*/s/ Jonathan K. Youngwood*

*Counsel for Plaintiffs-Appellees*

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS .........................................i

TABLE OF CONTENTS ........................................................... iii

TABLE OF AUTHORITIES...................................................... iv

INTRODUCTION................................................................... 1

BACKGROUND ..................................................................... 3

ARGUMENT ........................................................................ 5

I.   INITIAL HEARING EN BANC IS DISFAVORED AND
     EXTREMELY RARE IN THIS CIRCUIT. ................................. 5

II.  DEFENDANTS HAVE NOT MET THE STRINGENT
     STANDARDS  FOR INITIAL HEARING EN BANC. ...................... 7

     A.  Defendants' Belief That the District Court Misapplied
         Ripeness Precedent to the Facts Here Does Not Merit En
         Banc Review. ........................................................... 9

     B.  Defendants' Belief That the District Court Misapplied
         Standing Precedent to the Facts Here Does Not Warrant
         En Banc Review. ..................................................... 11

     C.  *Ingebretsen* Is Not in Conflict with *Staley* or *Doe*. ...... 14

     D.  Defendants' "Offended-Observer" Argument Misconstrues
         Plaintiffs' Asserted Injuries and Is Not Supported by
         Supreme Court Precedent............................................ 15

CONCLUSION .................................................................... 19

CERTIFICATE OF SERVICE................................................. 21

CERTIFICATE OF COMPLIANCE......................................... 22

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Legion v. Am. Humanist Ass'n,*
  588 U.S. 29 (2019) .................................................................. 18

*Awan v. Harmon,*
  714 F. App'x 462 (5th Cir. 2018) ........................................... 6

*Barber v. Bryant,*
  860 F.3d 345 (5th Cir. 2017)............................................ 13, 14

*Belk v. Charlotte-Mecklenburg Bd. of Educ.,*
  211 F.3d 853 (4th Cir. 2000).................................................. 8, 9

*Book People, Inc. v. Wong,*
  91 F.4th 318 (5th Cir. 2024) .................................................. 14

*Brooks v. Quarterman,*
  202 F. App'x 728 (5th Cir. 2006) ........................................... 6

*Consumer Data Indus. Ass'n v. Tex. ex rel. Paxton,*
  No. 21-51038, 2023 WL 4744918 (5th Cir. July 25, 2023).................. 14

*Doe v. Tangipahoa Par. Sch. Bd.,*
  494 F.3d 494 (5th Cir. 2007) (en banc)....................................... passim

*Freedom From Religion Found., Inc. v. Mack,*
  49 F.4th 941 (5th Cir. 2022) .................................................. 14

*Gruver v. La. Bd. of Supv'rs for La. State Univ. Agric. & Mech. Coll.,*
  959 F.3d 178 (5th Cir. 2020).................................................. 6

*Hamilton v. Dallas County,*
  No. 21-10133 (5th Cir. 2021) ................................................ 6

*Ingebretsen v. Jackson Pub. Sch. Dist.*,
    88 F.3d 274 (5th Cir. 1996)........................................................... passim

*Karen B. v. Treen*,
    653 F.2d 897 (5th Cir. 1981), *aff'd*, 455 U.S. 913 (1982) ..................... 14

*Kennedy v. Bremerton Sch. Dist.*,
    597 U.S. 507 (2022)........................................................................ 18, 19

*Lee v. Weisman*,
    505 U.S. 577 (1992)................................................................... 11, 13, 18

*Murray v. City of Austin*,
    947 F.2d 147 (5th Cir. 1991).................................................................. 16

*Nairne v. Landry*,
    No. 24-30115, (5th Cir. 2024) .................................................................. 6

*O'Hair v. White*,
    675 F.2d 680 (5th Cir. 1982).................................................................. 14

*Paulette v. Lozoya*,
    577 F. App'x 291 (5th Cir. 2014) ............................................................ 6

*Point Landing, Inc. v. Omni Cap. Int'l, Ltd.*,
    795 F.2d 415 (5th Cir. 1986) (en banc)............................................ 7, 15

*Santa Fe Indep. Sch. Dist. v. Doe*,
    530 U.S. 290, 313 (2000)....................................................................... 11

*Sch. Dist. of Abington Twp. v. Schempp*,
    374 U.S. 203 (1963).............................................................................. 18

*Staley v. Harris County*,
    485 F.3d 305 (5th Cir. 2007) (en banc)...................................... passim

*Stone v. Graham*,
    449 U.S. 39 (1980) ............................................................................... 17

*Susan B. Anthony List v. Driehaus,*
  573 U.S. 149 (2014)..........................................................13, 14

*Thomas v. Union Carbide Agric. Prods. Co.,*
  473 U.S. 568 (1985)................................................................14

*United States v. American-Foreign Steamship Corp.,*
  369 U.S. 685 (1960)...............................................................5, 6

*United States v. Escalante-Reyes,*
  689 F.3d 415 (5th Cir. 2012) (en banc)...................................7

*United States v. Hagen,*
  No. 07-20798 (5th Cir. 2009) .................................................6

*United States v. Salinas Rivera,*
  48 F. App'x 103 (5th Cir. 2002) ..........................................6, 7

*Van Orden v. Perry,*
  545 U.S. 677 (2005)...............................................................17

*Williams v. Catoe,*
  946 F.3d 278 (5th Cir. 2020) (en banc)..................................7

## Statutes

La. House Bill No.71, Act 676 (2024)............................................. passim

La. R.S. § 17:154.1(A)(1)..........................................................17

La. R.S. § 17:221(A)(1)(c)..........................................................17

## Federal Rules

Fed. R. App. P. 40(b)(2) ..........................................................1, 5

Fed. R. App. P. 40(g) ............................................................. 1, 5

**Local Rules**

Fifth Cir. L.R. 40 ............................................................. 1, 2, 6

**Other Authorities**

Bill Murphy, *Monument's Removal Adds Twist to Appeal*,
HOU. CHRON. (Jan. 22, 2007), https://bit.ly/3AVSkdQ ......................... 10

## <u>INTRODUCTION</u>

Initial hearing en banc is highly disfavored and rare. It is appropriate only if necessary to resolve a question of exceptional importance or to secure or maintain uniformity of the Court's decisions. *See* Fed. R. App. P. 40(b)(2), 40(g); Fifth Cir. L.R. 40, I.O.P.[1] Nothing about this case's legal posture or the issues presented warrants the extraordinary measure of bypassing panel review.

Although Defendants-Appellees attempt to manufacture an intra-circuit conflict between *Ingebretsen v. Jackson Public School District*, 88 F.3d 274, 278 (5th Cir. 1996), and subsequent Fifth Circuit caselaw, *Ingebretsen* reflects a well-established and uncontroversial Article III rule: Courts need not wait until a statute is implemented and a plaintiff suffers actual harm before exercising jurisdiction over a case. That principle accords with a long line of Fifth Circuit and Supreme Court precedent—invoked by the district court—holding that a threatened injury may suffice to confer standing and that pre-enforcement actions are permissible. Neither *Staley v. Harris County*, 485 F.3d 305 (5th Cir.

---

[1] Effective December 1, 2024, Federal Rule of Appellate Procedure 35 was amended and transferred to Rule 40. The Fifth Circuit's Rules were also amended.

2007) (en banc), nor *Doe v. Tangipahoa Parish School Board*, 494 F.3d 494 (5th Cir. 2007) (en banc), are to the contrary. And the facts in both are distinguishable from the facts here. Defendants may disagree with the district court's application of those cases, but "the application of correct precedent to the facts of the case" is the very sort of issue that is reserved for panel—not en banc—review. L.R. 40, I.O.P. (cleaned up).

Defendants also argue that initial en banc review is necessary to "bury" so-called "offended-observer standing" and stop the "purge [of] religious imagery from the public square." Pet. ii. Even if they were correct, however, that this Court should revisit its standing doctrine, this case is hardly the proper vehicle to do so, as it does not concern the rights of "observers" in the "public square" to be free from offense. Rather, this case seeks to prevent (1) the coercive injury that state-sponsored religious observance in public schools inflicts on students, and (2) the harm that such coerced observance causes parents by interfering with their right to direct the religious education and upbringing of their children.

Pointing to this Court's rulings on their stay motions, Defendants contend that en banc review here would have "virtue" because "there are

seemingly divergent views within the Court regarding the disposition of this case." Pet. vii. They cite no caselaw to support their argument. That judges of this Court may or may not hold varying views on the legal issues presented is not a valid justification for initial hearing en banc, and Defendants' reasoning would open up nearly every case to this extraordinary procedure. The Petition should be denied.

## BACKGROUND

Under H.B 71, Act 676, "[n]o later than January 1, 2025, each public[-]school governing authority shall display the Ten Commandments in each classroom in each school under its jurisdiction." Record on Appeal ("ROA")-1621. "The text of the Ten Commandments shall be the central focus of the poster or framed document and shall be printed in a large, easily readable font." *Id.* And the Act specifies the exact version of the Ten Commandments that public schools must use— a Protestant rendition of scripture. ROA-1621.

Plaintiffs filed their Complaint (ROA-39) and Motion for Preliminary Injunction (ROA-239) shortly after Governor Landry signed the Act. The lawsuit, brought on behalf of sixteen minor children enrolled or soon-to-be enrolled in Louisiana's public schools and fourteen of their

parents, asserts that the displays required by the Act violate the Establishment and Free Exercise Clauses of the First Amendment. ROA-1622. Defendants filed a motion to dismiss on August 5, 2024. ROA-413.

Following extensive briefing, on October 21, 2024, the district court held a one-day evidentiary hearing and heard oral argument, accepting as evidence the live testimony of Plaintiffs' expert as well as testimony (by declaration) of the Plaintiffs and representatives of Defendants, and considering more than 40 exhibits. On November 12, 2024, the court issued its opinion, holding in relevant part that (1) "the Court has sufficient information about what the Ten Commandment displays will look like from the Act itself to determine whether the display is constitutional"; and (2) "Plaintiffs have a personal stake in the outcome of the litigation sufficient to confer standing." ROA-1623–24. Ruling that the Act likely violated Plaintiffs' Establishment and Free Exercise Clause rights, ROA-1628–29, the court enjoined Defendants from "(a) enforcing H.B. 71; (b) adopting rules or regulations for the enforcement of H.B. 71; and (c) requiring that the Ten Commandments be posted in every public-school classroom in Louisiana in accordance with H.B. 71." ROA-1630. The court further ordered the State Defendants to notify Louisiana's

public-education institutions of the ruling. *Id.*

On November 13, 2024, Defendants filed a notice of appeal and a motion for an administrative stay of the notice provision, which was granted. ECF Nos. 1, 12, 32. Defendants also filed, on November 15, 2024, a motion to stay the full preliminary injunction pending this Court's ruling on their appeal. ECF No. 38. The full stay request was referred to the panel that will decide the appeal on the merits. ECF No. 59. The panel denied Defendants' stay motion and vacated the administrative stay on November 20, 2024. ECF No. 68. Two days later, Defendants filed their Petition for Initial Hearing En Banc. Oral argument is scheduled for January 23, 2025. ECF No. 70.

## ARGUMENT

### I. INITIAL HEARING EN BANC IS DISFAVORED AND EXTREMELY RARE IN THIS CIRCUIT.

"[I]nitial hearing en banc is not favored and ordinarily will not be ordered." Fed. R. App. P. 40(g). It is warranted only in very limited circumstances—for example, where a case involves a question of exceptional importance or when consideration is necessary to secure or maintain uniformity of the Circuit's caselaw. *See id.*; Fed. R. App. P. 40(b)(2), 40(g); *see also United States v. American-Foreign Steamship*

*Corp.*, 363 U.S. 685, 689 (1960) ("En banc courts are the exception, not the rule. They are convened only when extraordinary circumstances exist that call for authoritative consideration and decision by those charged with the administration and development of the law of the circuit."). Under this Court's rules, "alleged errors in the facts of the case . . . or in the application of correct precedent to the facts of the case are generally matters for panel" consideration, not the "extraordinary procedure" of en banc review. L.R. 40, I.O.P. (cleaned up).

Accordingly, rehearing en banc by this Court is rare. *See id.* ("Fewer than 1% of the cases decided by the Court on the merits are reheard en banc."). And *initial* hearing en banc is even rarer. The Court has routinely denied petitions for such review. *See, e.g., Nairne v. Landry*, No. 24-30115, ECF No. 176-1 (5th Cir. June 24, 2024); *Hamilton v. Dallas County*, No. 21-10133, ECF No. 26 (5th Cir. Apr. 14, 2021); *Gruver v. La. Bd. of Supv'rs for La. State Univ. Agric. & Mech. Coll.,* 959 F.3d 178, 181 (5th Cir. 2020); *Awan v. Harmon*, 714 F. App'x 462, 463 (5th Cir. 2018); *Paulette v. Lozoya*, 577 F. App'x 291, 292 (5th Cir. 2014); *United States v. Hagen*, No. 07-20798, ECF No. 78 (5th Cir. July 27, 2009); *Brooks v. Quarterman*, 202 F. App'x 728, 729 (5th Cir. 2006); *United*

*States v. Salinas Rivera*, 48 F. App'x 103, 103 (5th Cir. 2002) (noting the "stringent standards for cases warranting initial en banc consideration"). Defendants cite just one case where initial hearing en banc was granted by this Court, *Williams v. Catoe*, 946 F.3d 278 (5th Cir. 2020) (en banc).[2] There, the appellee did not oppose initial hearing en banc, and the appeal involved overturning Fifth Circuit precedent that conflicted with the rulings of nine federal circuits. *Id.* at 281.

## II.    DEFENDANTS HAVE NOT MET THE STRINGENT STANDARDS FOR INITIAL HEARING EN BANC.

Defendants have not identified any persuasive justification for their demand that this Court deviate from normal appellate practice. Believing (incorrectly) that they had "a perfect combination of Fifth Circuit precedents to obtain dismissal for lack of jurisdiction," Pet. 9, Defendants take issue with the manner in which the district court applied Fifth Circuit (and Supreme Court) precedent governing ripeness and standing. Pet. iv ("In fact, properly read, this Court's precedents foreclose

---

[2] Plaintiffs' counsel have identified only two other cases initially heard en banc by this Court. *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc) (resolving an "intra- and inter-circuit split"); *Point Landing, Inc. v. Omni Cap. Int'l, Ltd.*, 795 F.2d 415, 419 (5th Cir. 1986) (en banc) (addressing "irreconcilable" conflicts between panel opinions).

jurisdiction."). But arguments that a lower court misapplied precedent are for a panel to evaluate and do not necessitate initial en banc review.

Defendants also implore the Court to grant initial hearing en banc in order to abolish "offended-observer" standing. Pet. ii, 13–17. Plaintiffs' claims do not hinge on such standing, however. Defendants' self-proclaimed "frontal attack on offended-observer standing," Pet. vii, is thus nothing more than a distraction. Indeed, Defendants dedicated but a single footnote to the issue in briefing before the district court and failed to mention it once in either stay motion submitted to this Court.

Despite falling far short of the stringent requirements for initial hearing en banc, Defendants urge the Court to grant their Petition because, they speculate, there are "seemingly divergent views within the Court regarding the disposition of this case." Pet. vii. The Federal Rules of Appellate Procedure and Local Rules do not countenance this rationale. *See, e.g.*, *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 211 F.3d 853, 854–55 (4th Cir. 2000) (Wilkinson, C.J., concurring in the denial of initial hearing en banc) (rejecting suggestion that the court should "bypass the three-judge panel altogether because that panel previously ruled on a stay motion" in favor of one party, and noting that the panel

judges had not yet "had the benefit of [full] briefing or oral argument" or the opportunity "to discuss among themselves the insights that briefing and argument invariably provide"). If anything, divergent views would militate in favor of panel review to curb "the potential for producing splintered decisions" in en banc consideration, which "is magnified when there has been no prior panel consideration of a case." *Id.*[3]

### A.    Defendants' Belief That the District Court Misapplied Ripeness Precedent to the Facts Here Does Not Merit En Banc Review.

Defendants' ripeness argument rests on their interpretation of *Staley*, 485 F.3d 305—the proper application of which, they have argued, controls the outcome of this case.  *See, e.g.*, Pet. iv, 9; ROA-432, 1221. The district court took up Defendants' insistent invitation to apply *Staley* to the facts here; they simply did not like the result of the court's analysis, which concluded that "*Staley* is distinguishable for several reasons." ROA-1648.

---

[3] Given the critical role played by panel review, it is not surprising that both of the cases slated for en banc hearing during the January en banc sitting, Pet. vii, were first presented to and ruled on by three-judge panels.

As the district court explained, *Staley* did not concern school-sponsored religious exercise, and its ripeness ruling was premised on the fact that "no decision ha[d] been made regarding *any aspect* of the future display of the monument." ROA-1647–48 ("'[T]he County emphasize[d] that no decision has been made regarding when, where, or under what circumstances the monument will be displayed again in the future.'" (quoting *Staley*, 485 F.3d at 307–09)).[4] Unlike here, *Staley* did not involve a statutorily mandated display. Thus, there was no legal requirement that the Bible monument be re-displayed in accordance with any particular requirements or at all, for that matter. And as far as Plaintiffs' counsel are aware, the *Staley* monument has never been re-erected on the courthouse property.

By contrast, state law *requires* Defendants to post the Ten Commandments in every classroom by a date certain (January 1, 2025), and the displays must comply with the statute's clear and extensive

---

[4] The 2007 courthouse renovation precipitating the monument's removal and storage precluded it from being re-displayed in the same location. *See* Bill Murphy, *Bible Monument's Removal Adds Twist to Appeal*, HOU. CHRON. (Jan. 22, 2007), https://bit.ly/3AVSkdQ (noting that the renovation restored a previously demolished stone staircase in the very location where the monument had stood).

requirements. There is no question that, absent judicial intervention, Defendants intend to ensure that the law is implemented. ROA-1655; 1767. Examining these facts, the district court concluded that there exists here (in contrast to *Staley*) "sufficient context concerning the placement of the Ten Commandments so that the Court can evaluate the Act's constitutionality at this time." ROA-1648.[5] Defendants may disagree with the district court's application of ripeness caselaw to the facts here, but that is a matter best-suited for ordinary panel review.

### B.    Defendants' Belief That the District Court Misapplied Standing Precedent to the Facts Here Does Not Warrant En Banc Review.

Defendants' claim that *Doe*, 494 F.3d 494, "forecloses jurisdiction" here, Pet.10, is belied by *Doe* itself. As the third sentence of the opinion

---

[5] The district court's approach is consistent with Supreme Court precedent making clear that a challenge to school-sponsored religious observance is properly adjudicated even if some details remain unknown. *See, e.g.*, *Lee v. Weisman*, 505 U.S. 577, 583 (1992) (affirming jurisdiction, although "[t]he record in this case is sparse," and "[a]ssum[ing] the clergy's participation in any high school graduation exercise would be about what it was at [Plaintiff's] middle school ceremony"); *see also, e.g.*, *Santa Fe Independent Sch. Dist. v. Doe*, 530 U.S. 290, 313 (2000) (rejecting "premature facial challenge" argument, even though "there can be no certainty that any of the statements or invocations will be religious" until a student "actually delivers a solemnizing message" pursuant to the challenged policy).

explains, "[c]onstitutional standing requires that the plaintiff personally suffered some actual *or threatened* injury that can fairly be traced to the challenged action and is redressable by the courts." 494 F.3d at 496 (emphasis added). That is, *Doe affirms* that an actual injury (*i.e.*, one that occurred in the past or is ongoing) is not required to confer standing so long as the plaintiff personally is threatened with future injury.

Neither past nor future injury was evident from the record in *Doe*, which was limited to a set of factual stipulations. There was no evidence that the plaintiffs had "actually attended any meeting of the Tangipahoa Parish School Board, much less the meetings at which [any of] the [four] invocations quoted in the stipulations were given." *See id.* at 500 (DeMoss, J, specially concurring). Moreover, because "the stipulations sa[id] nothing about the injury in fact allegedly suffered by the Does[,]" *id.*, it follows that the record also did not speak to whether the plaintiffs had any intent to attend future meetings, where they might have faced threatened injuries as a result of the challenged invocation practice. *See id.* at 498–99.

Here, the record includes extensive evidence—uncontroverted by Defendants—that the child-Plaintiffs will be subjected, in person, on a

daily and hourly basis, to the challenged school-sponsored religious observance as soon as the statute is implemented. The threatened injuries identified by Plaintiffs as arising from enforcement of the Act's minimum requirements, *infra* pp. 15–17, are "certainly impending," and there is a "substantial risk that the harm will occur." ROA-1651 (quoting *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 158 (2014)).

The record here is thus more than adequate under *Doe* and other governing Fifth Circuit and Supreme Court caselaw to support standing. *See Barber v. Bryant*, 860 F.3d 345, 357 (5th Cir. 2017) ("Future injuries can provide the basis for standing, but they 'must be *certainly impending* to constitute injury in fact,' and . . . [s]uch allegations also must be contained in the record.") (citing *Doe*, 494 F.3d at 499); *see also Lee*, 505 U.S. at 584 (enjoining prayers at "future graduations," and holding that "a live and justiciable controversy is before us" because the student-plaintiff was "enrolled as a student at [the high school] and from the record it appear[ed] likely, if not certain, that an invocation and benediction will be conducted at her high school graduation"). As with the ripeness inquiry, Defendants may nevertheless contend that the

district court's application of standing caselaw to the particular facts here was erroneous, but that is not an appropriate basis for en banc review.

### C. *Ingebretsen* Is Not in Conflict with *Staley* or *Doe.*

Defendants also assert that the district court misapplied *Ingebretsen*, 88 F.3d 274, to "effectively override" *Staley* and *Doe* and further contend that *Ingebretsen* was wrongly decided. Pet. 11. Not so. *Ingebretsen* merely reflects, and aligns with, a long line of cases—many of which the district court also relied on—recognizing that pre-enforcement challenges are permissible as a jurisdictional matter and, relatedly, that a plaintiff "'does not have to await the consummation of threatened injury to obtain preventive relief.'" *See* ROA-813 (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985)).[6]

---

[6] *See, e.g.*, *Driehaus*, 573 U.S. at 158 ("An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." (cleaned up)); *Book People, Inc. v. Wong*, 91 F.4th 318, 334 (5th Cir. 2024) (pre-enforcement First Amendment challenge to statute was ripe despite state's argument that the law's regulatory scheme was not yet established); *Consumer Data Indus. Ass'n v. Tex. ex rel. Paxton*, No. 21-51038, 2023 WL 4744918, at *4 (5th Cir. July 25, 2023); *Freedom From Religion Found., Inc. v. Mack*, 49 F.4th 941, 949 (5th Cir. 2022); *Barber*, 860 F.3d at 357; *Doe*, 494 F.3d at 496; *O'Hair v. White,* 675 F.2d 680, 686 (5th Cir. 1982); *Karen B. v. Treen*, 653 F.2d 897, 902 (5th Cir. 1981), *aff'd*, 455 U.S. 913 (1982).

This well-established precedent, including *Ingebretsen*, does not conflict with either *Doe* or *Staley* (or any other case on which the district court relied in exercising its jurisdiction). *Cf. Point Landing*, 795 F.2d at 419 (initial hearing en banc held to resolve "irreconcilable" conflicts between panel opinions). Neither case abrogates the availability of pre-enforcement challenges against state-law provisions that coerce schoolchildren into religious observance, as long as those provisions will imminently harm the particular plaintiffs bringing suit. Thus, even if the Court were to overrule *Ingebretsen*, as Defendants appear to demand (though they do not explicitly request that the Court do so), it would not move them any closer to victory in this case.

### D. Defendants' "Offended-Observer" Argument Misconstrues Plaintiffs' Asserted Injuries and Is Not Supported by Supreme Court Precedent.

Defendants' effort to turn this case into a judicial referendum on so-called "offended-observer standing" and "religious imagery in the public square" fails on several fronts. Most importantly, Plaintiffs' claims neither involve the public square (the statute concerns public schools) nor depend on offended-observer standing (Plaintiffs' injuries are much broader). To be sure, spiritual offense resulting from direct, unwelcome

contact with, or exposure to, a governmental religious display or practice is a sufficient basis for standing. *See, e.g.*, *Murray v. City of Austin*, 947 F.2d 147, 151–52 (5th Cir. 1991). Plaintiffs have adequately shown that the child-Plaintiffs will be directly exposed to H.B. 71's Ten Commandments displays. *Supra* pp. 11–13. But the injuries demonstrated by Plaintiffs go far beyond any "alleged offense [they will] feel from seeing," Pet. ii, the Ten Commandments.

Under the Act, the child-Plaintiffs will be subjected to a state-mandated, religiously preferential version of the Ten Commandments in every classroom for the remainder of their public education. Plaintiffs, through their uncontroverted testimony, have demonstrated that this government conduct will violate and contradict their families' religious or non-religious beliefs and practices and will harm them (1) by pressuring the child-Plaintiffs to observe, meditate on, venerate, and adopt the state's preferred religious doctrine and to suppress expression of their own religious backgrounds and views at school; and (2) by

interfering with the ability of the parent-Plaintiffs to direct their children's religious education and upbringing. ROA-41, 1628.[7]

There is no way to opt out of this coerced religious observance: "[B]y law, parents must send their minor children to school and ensure attendance during regular school hours at least 177 days per year." ROA-1627. Failure to do so may result in civil or criminal penalties and truancy proceedings. La. R.S. §§ 17:154.1(A)(1), 17:221(A)(1)(c). Plaintiffs' claims here are thus a far cry from cases where the government has permitted or erected a passive display in a public park, roadside median, courthouse lawn, or other area in which individuals may come and go—or possibly not go and avoid the display altogether. *See Van Orden v. Perry,* 545 U.S. 677, 691 (2005) (plurality opinion) ("The placement of the Ten Commandments monument on the Texas State Capitol grounds is a far more passive use of those texts than was the case in *Stone* [*v. Graham*, 449 U.S. 39 (1980)], where the text confronted elementary school students every day.").

---

[7] These asserted injuries additionally confer standing under the Free Exercise Clause, a claim in the Complaint that also served as a basis for the district court's injunction, ROA-1628, which Defendants' Petition does not address.

The Supreme Court has expressly held that children who are or will be subjected to such allegedly coercive school-sponsored religious observances have standing to challenge them. *See Lee*, 505 U.S. at 584 (affirming that plaintiffs had standing to challenge future graduation invocations based on student's enrollment in high school and likelihood that her graduation would include prayer); *see also Sch. Dist. of Abington Twp. v. Schempp*, 374 U.S. 203, 224 n.9 (1963) (holding that "school children and their parents" subjected to religious observances in school have standing because they are "directly affected by the laws and practices against which their complaints are directed").

Defendants' contention that *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022), somehow eliminated "offended observer" standing, Pet. v–vi, is thus irrelevant (in addition to being wrong).[8] *Kennedy* did not call into question the continuing vitality of *Lee* or *Schempp*. *See, e.g.*,

---

[8] *Kennedy* did not address Establishment Clause standing because the petitioner there did not assert an Establishment Clause claim. *American Legion v. American Humanist Association*, 588 U.S. 29, 80 (2019), undermines Defendants' argument. Despite declining to apply *Lemon*, *id.* at 48–52, the Supreme Court nevertheless adjudicated the plaintiffs' claims, which asserted that "they are offended by the sight of the memorial on public land," *id.* at 37.

*Kennedy*, 597 U.S. at 541–42 (noting that, under *Lee*, it remains "problematically coercive" to subject a "captive audience" of students to school-sponsored religious observance). And, as Defendants conceded below,[9] *Kennedy* did not overrule *Stone*, where the plaintiffs stood in the same position vis-à-vis their facial challenge to a materially identical Kentucky statute as the Plaintiffs do here.

## CONCLUSION

For the foregoing reasons, Defendants' Petition should be denied.

Respectfully submitted,

Dated: December 2, 2024

*/s/ Jonathan K. Youngwood*

Heather L. Weaver
Daniel Mach
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, Ste. 600
Washington, DC 20005

Nora Ahmed
Charles Andrew Perry
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA
PO Box 56157
New Orleans, LA 70156

Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT
LLP
425 Lexington Avenue
New York, NY 10017

Alex J. Luchenitser
AMERICANS UNITED FOR
SEPARATION OF CHURCH & STATE
1310 L Street, NW, Ste. 200
Washington, DC 20005

---

[9] Defendants conceded at oral argument that *Stone* remains good law, binding on lower courts. ROA-1714; 2519. They do not mention the case in their Petition.

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701

## CERTIFICATE OF SERVICE

On December 2, 2024, this document was served via CM/ECF on all
registered counsel and transmitted to the Clerk of the Court.

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood

## CERTIFICATE OF COMPLIANCE

This document complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,855 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Jonathan K. Youngwood*
Jonathan K. Youngwood