No. 24-30706

# In the United States Court of Appeals for the Fifth Circuit

Darcy Roake, Reverend, on behalf themselves and on behalf of their minor children, real party in interest A.V., real party in interest S.V.; Adrian Van Young, on behalf of themselves and on behalf of their minor children, real party in interest A.V., real party in interest S.V.; Mamie Broadhurst, Reverend, on behalf of themselves and on behalf of their minor child, real party in interest N.W.; Richard Williams, Reverend, on behalf of themselves and on behalf of their minor child, real party in interest N.W.; Jeff Sims, Reverend, on behalf of himself and on behalf of his minor children, real party in interest A.S., real party in interest C.S. 1, real party in interest C.S. 2; Jennifer Harding, on behalf of themselves and on behalf of their minor child, real party in interest A.O.; Benjamin Owens, on behalf of themselves and on behalf of their minor child, real party in interest A.O.; David Hawley, on behalf of themselves and on behalf of their minor children real party in interest A.H., real party in interest L.H.; Erin Hawley, on behalf of themselves and on behalf of their minor children, real party in interest A.H, real party in interest L.H.; Dustin McCrory, on behalf of themselves and on behalf of his minor children, real party in interest E.M.; real party in interest P.M., real party in interest L.M.; Gary Sernovitz, on behalf of themselves and on behalf of their minor child, real party in interest T.S.; Molly Pulda, on behalf of themselves and on behalf of their minor child. real party in interest T.S.; Christy Alkire, on behalf of herself and on hehalf of her minor child, real party in interest L.A.; Joshua Herlands, on behalf of himself and on behalf of his minor children, real party in interest E.H., real party in interest J.H.,

*Plaintiffs-Appellees*

v.

Cade Brumley, in his official capacity as the Louisiana State Superintendent of Education; Conrad Appel, in his official capacity

AS A MEMBER OF THE LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION (LSBESE); JUDY ARMSTRONG, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; KEVIN BERKEN, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; PRESTON CASTILLE, IN HIS OFFICIAL CAPACITY AS A MEMBER OF LSBESE; SIMONE CHAMPAGNE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SHARON LATTEN-CLARK, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; LANCE HARRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF LSBESE; PAUL HOLLIS, LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION; SANDY HOLLOWAY, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; STACEY MELERINE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; RONNIE MORRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; EAST BATON ROUGE PARISH SCHOOL BOARD; LIVINGSTON PARISH SCHOOL BOARD; VERNON PARISH SCHOOL BOARD; ST. TAMMANY PARISH SCHOOL BOARD,

*Defendants-Appellants*

───────────────

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:24-cv-517, Hon. John W. deGravelles

───────────────

**REPLY IN SUPPORT OF PETITION FOR INITIAL HEARING EN BANC IN THE JANUARY 2025 SITTING**

───────────────

| | |
|---|---|
| ERIC C. RASSBACH | ELIZABETH B. MURRILL |
| JOSEPH C. DAVIS | Attorney General of Louisiana |
| BENJAMIN A. FLESHMAN | J. BENJAMIN AGUIÑAGA |
| AMANDA L. SALZ | Solicitor General |
| KELSEY BAER FLORES | ZACHARY FAIRCLOTH |
| THE BECKET FUND FOR RELIGIOUS LIBERTY | Principal Deputy Solicitor General |
| 1919 Pennsylvania Ave. NW Suite 400 | OFFICE OF THE ATTORNEY GENERAL 1885 N. 3rd St. |
| Washington, D.C. 20006 | Baton Rouge, LA 70802 |
| | (225) 506-3746 |
| *Counsel for Appellants Brumley and LSBESE Officials* | AguinagaB@ag.louisiana.gov |
| | *Counsel for Appellants* |

# REPLY[1]

Plaintiffs do not seriously oppose initial hearing en banc. They never dispute that—unlike the court below—neither this Court nor the Supreme Court has ever expressly found Article III jurisdiction in a First Amendment challenge to a religious display no plaintiff has seen. Pet. iv. They never dispute that the district court's decision depends on *Ingebretsen v. Jackson Public School District*, 88 F.3d 274 (5th Cir. 1996)—a decision that only the en banc Court can, if necessary, overrule. Opp. 1 (defending *Ingebretsen*). They also never dispute that their challenge is rooted in offended-observer standing—a theory in this Court's precedents that only the en banc Court can reject. *See id.* at 15–16 ("[S]piritual offense resulting from direct, unwelcome contact with, or exposure to, a governmental religious display or practice is a sufficient

---

[1] Based on past practice, the State's understanding is that, because the Petition for Initial Hearing En Banc is docketed as a "motion," the Clerk's Office treats the Petition and related filings as subject to Federal Rule of Appellate Procedure 27. *See* Opp. of the United States to Appellants' Pet. for Initial Hearing En Banc at 1 n.1, *Nairne v. Landry*, No. 24-30115 (5th Cir. May 3, 2024), ECF 132 ("The United States contacted the Clerk's Office the same day, which confirmed that the usual procedures [under Rule 27] and ten-day response deadline for motions applied."). Accordingly, the State files this reply pursuant to Rule 27(a)(4), which permits a reply. If the Court were inclined to treat the Petition as governed by former Rule 35 (now Rule 40), however, the State would respectfully request that the Court construe this reply as a motion for leave to file a ten-page reply in support of the Petition.

basis for standing."). In fact, they do not even defend offended-observer standing on its own terms, leaving unanswered the attack that it "has no basis in law," *Am. Legion v. Am. Humanist Ass'n*, 588 U.S. 29, 80 (2019) (Gorsuch, J., concurring in the judgment), and is "[u]ndeniably" "hard to reconcile" with basic Article III principles, *Freedom From Religion Found., Inc. v. Mack*, 49 F.4th 941, 949 (5th Cir. 2022).

But perhaps worst of all, Plaintiffs do not dispute the "utterly unjustifiable result" of their legal position: While a Black student *cannot* sue over Confederate flag poster, however severe the stigmatic injury from viewing it, Plaintiffs *can* sue over the same poster if it bears the Ten Commandments. *Am. Legion*, 588 U.S. at 81 (Gorsuch, J.); *see* Pet. 17–18. That makes a mockery of Article III—and the Court should immediately end offended-observer standing by granting initial hearing en banc. Indeed, this is precisely the sort of case that warrants initial en banc review, because there is no good reason to waste judicial and party resources over panel proceedings that cannot resolve this dispositive issue. Plaintiffs' attempts to avoid full Court review are unavailing.

**1.** Start with Plaintiffs' effort to avoid offended-observer standing by insisting the issue is not presented and they don't need the theory. To

be clear, the district court's decision rests on offended-observer standing—so, Plaintiffs' running away from that theory runs away from the district court's decision itself. ROA.1624 ("these Plaintiffs face an *imminent*" "encounter with the offending display" and "this encounter is real and not hypothetical or speculative"); ROA.1651 ("the risk of a future encounter by the Plaintiff children … is 'certainly impending'"). And Plaintiffs' arguments here are meritless.

*First*, Plaintiffs claim that offended-observer standing is not at issue because the State "dedicated but a single footnote to the issue in briefing before the district court and failed to mention it once in either stay motion submitted to this Court." Opp. 8. Wrong. The district court was duty-bound to apply this Court's offended-observer precedents. The most the State could do, therefore, was what it did do: seek to distinguish those precedents while "preserv[ing] for appellate review the threshold question whether offended observer standing itself remains a viable doctrine." ROA.436 n.1; *compare J.W. v. Paley*, 81 F.4th 440, 448 n.21 (5th Cir. 2023) (holding even a "passing footnote" in a Fifth Circuit brief sufficient to preserve a currently foreclosed issue for further appellate review). As for the stay motions, it is difficult to understand Plaintiffs'

suggestion that the State should have argued that it is *so* likely to succeed on a challenge to offended-observer standing (which is currently foreclosed by this Court's precedents) that the State is entitled to stay relief. They cite no authority for that bizarre position.

*Second*, Plaintiffs claim that the Supreme Court's decision in *Stone v. Graham*, 449 U.S. 39 (1980), gives them a pass on offended-observer standing because it adjudicated a similar Establishment Clause challenge on the merits. Opp. 18–19 & n.9. But the State anticipated that argument (*see* Pet. 14 n.1), and Plaintiffs say nothing in response. For good reason: As the State explained, this Court's en banc decision in *Doe v. Tangipahoa Parish School Board*, 494 F.3d 494, 498 (5th Cir. 2007), rejected exactly this sort of inference of justiciability from Supreme Court decisions like *Stone* that do not say a word about Article III jurisdiction. Plaintiffs' suggestion (Opp. 18 n.8) that the Supreme Court somehow blessed offended-observer standing in *American Legion*—when the majority of course said nothing about the issue (while two Justices encouraged lower courts to stop applying the theory)—is flawed for the same reason. That Plaintiffs insist on taking the foreclosed position that this Court is bound by *sub silentio* rulings—without any argument that

*Doe* or *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), should be overruled, and without even acknowledging those contrary decisions for this Court—speaks volumes.

*Third*, Plaintiffs concede that their claim is based on offended-observer standing, *see* Opp. 16 ("Plaintiffs have adequately shown that the child-Plaintiffs will be directly exposed to H.B. 71's Ten Commandments displays."), but they insist that their purported injuries also "go far beyond" offense, *id.* Specifically, they claim that, for example, (a) a student who sees a poster (Pet. 6) explaining the Supreme Court's decision in *Van Orden v. Perry*, 545 U.S. 677 (2005), will be "pressur[ed] ... to observe, meditate on, venerate, and adopt the state's preferred religious doctrine and to suppress expression of their own religious backgrounds and views at school," while (b) that student's parents will suffer harm to their "ability ... to direct their children's religious education and upbringing." Opp. 16–17.

That position is implausible as a matter of common sense. But more fundamentally, it illustrates the word games invited by an offended-observer standing theory that is whatever a plaintiff wishes it to be. Plaintiffs' alleged harms are simply different ways of saying that they

5

perceive psychological injuries from religious displays they find disagreeable. Indeed, offended-observer plaintiffs almost never frame their injuries as just generalized "offense" in a vacuum. The plaintiff in *Staley v. Harris County*, 461 F.3d 504 (5th Cir. 2006), for example, asserted that her offense came from the Bible display's supposed "advance[ment] [of] Christianity" and its purported "message to her and to non-Christians that, because they do not share the Christian faith, they are not full members of the Houston political community." *Id.* at 507. Similarly, the plaintiff in *Van Orden v. Perry*, 2002 WL 32737462 (W.D. Tex. Oct. 2, 2002), rooted his offense "in that he is not religious; he does not acknowledge the existence of any god[;] and he specifically does not adhere to either the Christian faith or the Jewish faith"—and "[i]n [his] eyes, the existence of the Ten Commandments monument on the grounds of the State Capitol symbolizes a state policy to favor the Jewish and Christian religions over other religions and over non-believers." *Id.* at *2.

The problem is that these are all just different ways of characterizing a "'psychological consequence presumably produced by observation of conduct with which one disagrees,'" which "is not an injury-in-fact 'sufficient to confer standing under Art. III.'" *Am. Legion*,

6

588 U.S. at 82 (Gorsuch, J., concurring in the judgment) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 485 (1982)). Plaintiffs cannot avoid that fact by protesting that they *really* vehemently oppose the Ten Commandments. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) ("Nor may citizens sue merely because their legal objection is accompanied by a strong moral, ideological, or policy objection to a government action.").

*Fourth*, Plaintiffs briefly gesture at *Lee v. Weisman*, 505 U.S. 577 (1992), and *School District of Abington Township v. Schempp*, 374 U.S. 203 (1963), to suggest they have standing here. Opp. 17. That is puzzling, since even the district court did not invoke those cases in its ripeness and standing analyses. ROA.1645–52 (ripeness); ROA.1658–64 (standing). For good reason: Unlike this case, those are not offended-observer cases; unlike this case, they did not involve religious displays, much less displays no one has seen; and unlike in this case, the challenged religious practices in *Lee* and *Schempp* were ongoing. They do not help Plaintiffs.

*Finally*, Plaintiffs suggest (Opp. 17 n.7) that, even if they don't have offended-observer standing for their Establishment Clause claim, they at least have standing for their Free Exercise Clause claim. Plaintiffs are

7

incorrect. Their Free Exercise Clause claim is a repackaged version of their Establishment Clause claim—and it is even less plausible: namely, the idea that a poster about, say, the Supreme Court's architecture violates Plaintiffs' Free Exercise rights. So, no offended-observer standing to assert the Establishment Clause claim means no standing to assert the Free Exercise claim. *See Am. Legion*, 588 U.S. at 82 (Gorsuch, J.) ("[T]he Court has held[ that] a free exercise plaintiff generally must 'show that his good-faith religious beliefs are hampered before he acquires standing to attack a statute under the Free-Exercise Clause.' And if standing doctrine has such bite under the Free Exercise Clause, it's difficult to see how it could be as toothless as plaintiffs suppose under the neighboring Establishment Clause." (citation omitted)).

**2.** Plaintiffs' remaining attempts to avoid full Court review fare no better. *First*, they rewrite the Petition to say that the State simply claims that the district court "misapplied" Fifth Circuit precedent, which is "best-suited for ordinary panel review." Opp. 9–15. Not so. The State's fundamental position is that this Court's offended-observer precedents *are wrong*—and overruling those precedents is something only the en banc Court can do. Likewise, the State's bottom-line position on

8

*Ingebretsen* is that it *is wrong*—and, unless the Court distinguishes it on its facts, overruling that case is something only the en banc Court can do. It would be a waste of resources to litigate these outcome-determinative issues before a panel that cannot resolve them.

*Second*, Plaintiffs try to win their case on the merits. As for ripeness, they say (Opp. 9–11) that *Staley v. Harris County*, 485 F.3d 305 (5th Cir. 2007) (en banc), does not foreclose their challenge because they know sufficient details about a potential H.B. 71 display. That is not true because *Staley* says a case is not ripe where a court is "unable to conduct the fact-intensive and context-specific analysis required" by the "Supreme Court decisions addressing the constitutionality of Ten Commandments displays." *Id.* at 307–09. That is the case here.[2]

---

[2] Moreover, in *Staley*, the Court had far *more* information about the future display because the plaintiff had *actually seen the display*, *see* 485 F.3d at 309, and the Court—in a panel opinion authored by the same judge—had previously concluded the monument was unconstitutional. The Court knew (1) the monument's dimensions; (2) its engraving; (3) its shape (like a lectern); (4) its central feature (an open Bible in a display case); (5) the Bible's dimensions; (6) a red neon light surrounding the Bible; (7) the yearly cost the government paid to illuminate the monument; and (8) the practice of turning pages of the Bible. *Staley*, 461 F.3d at 506–07 (Jolly, J.). But without the actual display on, well, display, the plaintiff's claims were not ripe. *Staley*, 485 F.3d at 309 (Jolly, J.). Here, because there are no H.B. 71 displays in Plaintiffs' schools, there are by definition fewer details available than there were about the *Staley* monument.

As for standing, Plaintiffs characterize (Opp. 11–15) this as a mine-run case—illustrated by their recitations of black-letter "threatened injury" and "certainly impending" quotes from *Doe* and *Barber v. Bryant*, 860 F.3d 345, 357 (5th Cir. 2017), while omitting that those decisions say *an actual confrontation is required in the Establishment Clause context*. This is *not* an ordinary case. This is a "religious display" case where offended-observer standing "represent[s] the outer limits of where we can find these otherwise elusive Establishment Clause injuries." *Id.* at 353. And here, rather than rely on a past or ongoing encounter with an offensive display (because they cannot), Plaintiffs blow through those "outer limits" by citing anticipatory offense from a display someday, somewhere. If offended-observer standing in its ordinary form is wrong (and it is), then *imaginary* offended-observer standing is doubly wrong.

Plaintiffs never defend offended-observer standing on its own (de)merits—and this Court should not either. Every day this theory lives on is an affront to Article III. The Court should scrap the whole enterprise by "reconsider[ing] [its] offended observer precedents en banc." *City of Ocala v. Rojas*, 143 S. Ct. 764, 768 (2023) (Thomas, J., dissenting from the denial of certiorari). The Court should grant the petition.

|  | Respectfully submitted, |
|---|---|
| ERIC C. RASSBACH<br>JOSEPH C. DAVIS<br>BENJAMIN A. FLESHMAN<br>AMANDA L. SALZ<br>KELSEY BAER FLORES<br>THE BECKET FUND FOR<br>　RELIGIOUS LIBERTY<br>1919 Pennsylvania Ave. NW<br>　Suite 400<br>Washington, D.C. 20006<br><br>*Counsel for Appellants*<br>*Brumley and LSBESE Officials*<br><br>Dated:　　December 3, 2024 | ELIZABETH B. MURRILL<br>Attorney General of Louisiana<br><br>*/s/ J. Benjamin Aguiñaga*<br>J. BENJAMIN AGUIÑAGA<br>Solicitor General<br><br>ZACHARY FAIRCLOTH<br>Principal Deputy Solicitor General<br><br>OFFICE OF THE ATTORNEY GENERAL<br>1885 N. 3rd St.<br>Baton Rouge, LA 70802<br>(225) 506-3746<br>AguinagaB@ag.louisiana.gov<br><br>*Counsel for Appellants* |

## CERTIFICATE OF SERVICE

I certify that on December 3, 2024, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27 because it contains 2,253 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Dated:   December 3, 2024