# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-3539 | jyoungwood@stblaw.com |

<u>VIA ELECTRONIC FILING</u>          May 6, 2025

Re:    <u>*Roake v. Brumley,* 24-30706</u>

Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
Suite 115
New Orleans, LA 70130

Dear Mr. Cayce:

       Plaintiffs-Appellees respectfully submit this letter in response to Defendants-Appellants' Notice of Supplemental Authority (ECF No. 208). Defendants' reliance on *Hilsenrath v. School District of the Chathams*, No. 23-3030 (3d Cir. May 5, 2025) is misguided.

       *First*, *Hilsenrath* was not directly controlled by *Stone v. Graham*, 449 U.S. 39 (1980). *Hilsenrath* involved two discrete lessons about Islam, which were integrated into a broader curriculum on world religions. Op.16 & n.65 (citing *Stone*, 449 U.S. at 42). By contrast, H.B. 71 mandates permanent displays of the Ten Commandments in *every* classroom, *regardless* of subject matter taught. It is materially indistinguishable from the statute overturned in *Stone*, which is binding on lower courts and determinative here.

       *Second*, even if *Stone* were not determinative, Plaintiffs have proffered extensive expert testimony—credited by the district court as reliable and persuasive—that coercion and denominational preference are two forbidden hallmarks of establishment. Although both fit within the list of "hallmarks of religious establishment" discussed by the Third Circuit, Op.12-14, even if they did not, the *Hilsenrath* court acknowledged that the list does not represent an "exhaustive list of practices that violate the Establishment Clause under a historical approach." Op.14 n.54.

       Indeed, the Third Circuit explained that "[t]here may be circumstances in which public schools violate the Establishment Clause by subjecting students to proselytizing materials[.]" Op.15. Such is the case here: Scripture will be imposed on students in every classroom for

Mr. Lyle W. Cayce, Clerk of Court                 -2-                              May 6, 2025

nearly every hour of their public-school education, pressuring them to "read, meditate upon, [and] perhaps to venerate and obey, the Commandments." *See Stone*, 449 U.S. at 42. Moreover, in *Hilsenrath*, world religions were treated equally. Op.17-19. But here, H.B. 71 requires schools to use a Protestant version of the Ten Commandments inconsistent with both Jewish and Catholic beliefs.

*Third*, H.B. 71's minimum mandatory requirements, applicable to all schools, provide sufficient context under the Establishment Clause to demonstrate the coercive and religiously preferential nature of the displays.

*Finally*, the *Hilsenrath* plaintiffs did not assert a Free Exercise Clause claim. Plaintiffs here do, and the district court found in their favor on that count.

Respectfully,

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT LLP

*Counsel for Plaintiffs-Appellees*

**Word Count: 346**

cc: Counsel of Record (via ECF)