No. 24-30706

# In the United States Court of Appeals for the Fifth Circuit

DARCY ROAKE, REVEREND, ON BEHALF THEMSELVES AND ON BEHALF OF
THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL PARTY IN
INTEREST S.V.; ADRIAN VAN YOUNG, ON BEHALF OF THEMSELVES AND ON
BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL
PARTY IN INTEREST S.V.; MAMIE BROADHURST, REVEREND, ON BEHALF OF
THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN
INTEREST N.W.; RICHARD WILLIAMS, REVEREND, ON BEHALF OF
THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN
INTEREST N.W.; JEFF SIMS, REVEREND, ON BEHALF OF HIMSELF AND ON
BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST A.S., REAL PARTY
IN INTEREST C.S. 1, REAL PARTY IN INTEREST C.S. 2; JENNIFER HARDING, ON
BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY
IN INTEREST A.O.; BENJAMIN OWENS, ON BEHALF OF THEMSELVES AND ON
BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST A.O.; DAVID
HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR
CHILDREN, REAL PARTY IN INTEREST A.H., REAL PARTY IN INTEREST L.H.;
ERIN HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR
CHILDREN, REAL PARTY IN INTEREST A.H, REAL PARTY IN INTEREST L.H.;
DUSTIN MCCRORY, ON BEHALF OF THEMSELVES AND ON BEHALF OF HIS
MINOR CHILDREN, REAL PARTY IN INTEREST E.M.; REAL PARTY IN INTEREST
P.M., REAL PARTY IN INTEREST L.M.; GARY SERNOVITZ, ON BEHALF OF
THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN
INTEREST T.S.; MOLLY PULDA, ON BEHALF OF THEMSELVES AND ON BEHALF
OF THEIR MINOR CHILD, REAL PARTY IN INTEREST T.S.; CHRISTY ALKIRE, ON
BEHALF OF HERSELF AND ON BEHALF OF HER MINOR CHILD, REAL PARTY IN
INTEREST L.A.; JOSHUA HERLANDS, ON BEHALF OF HIMSELF AND ON BEHALF
OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST E.H., REAL PARTY IN
INTEREST J.H.,

*Plaintiffs-Appellees,*

v.

CADE BRUMLEY, IN HIS OFFICIAL CAPACITY AS THE LOUISIANA STATE
SUPERINTENDENT OF EDUCATION; CONRAD APPEL, IN HIS OFFICIAL CAPACITY

AS A MEMBER OF THE LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION (LSBESE); JUDY ARMSTRONG, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; KEVIN BERKEN, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; PRESTON CASTILLE, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SIMONE CHAMPAGNE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SHARON LATTEN-CLARK, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; LANCE HARRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; PAUL HOLLIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SANDY HOLLOWAY, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; STACEY MELERINE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; RONNIE MORRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; EAST BATON ROUGE PARISH SCHOOL BOARD; LIVINGSTON PARISH SCHOOL BOARD; VERNON PARISH SCHOOL BOARD; ST. TAMMANY PARISH SCHOOL BOARD,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:24-cv-517, Hon. John W. deGravelles

---

## PLAINTIFFS-APPELLEES' RESPONSE TO DEFENDANTS-APPELLANTS' PETITION FOR REHEARING EN BANC

Heather L. Weaver
Daniel Mach
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW, Ste. 600
Washington, D.C. 20005
(202) 675-2330
hweaver@aclu.org
dmach@aclu.org

Jonathan K. Youngwood
Janet A. Gochman
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com

*Counsel for Plaintiffs-Appellees*
*(continued on inside cover)*

### *Additional Counsel for Plaintiffs-Appellees*

Nora Ahmed
Charles Andrew Perry
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA
PO Box 56157
New Orleans, LA 70156
(504) 522-0628
nahmed@laaclu.org
aperry@laaclu.org

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701
(608) 256-8900
patrick@ffrf.org
sam@ffrf.org

Alex J. Luchenitser
AMERICANS UNITED FOR
SEPARATION OF CHURCH & STATE
1310 L Street, NW, Ste. 200
Washington, D.C. 20005
(202) 466-7306
luchenitser@au.org

V. Noah Gimbel
Nicholas J. Prendergast
Jordan T. Krieger
SIMPSON THACHER & BARTLETT
LLP
900 G Street, NW
Washington, D.C. 20001
(202) 636-5500
noah.gimbel@stblaw.com
nicholas.prendergast@stblaw.com
jordan.krieger@stblaw.com

Noah M. Huffman
Victoria Wang
SIMPSON THACHER & BARTLETT
LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
noah.huffman@stblaw.com
victoria.wang@stblaw.com

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies pursuant to Fifth Circuit Rule 27.4 and Rule 28.2.1 that the following listed persons and private entities have an interest in the outcome of this case, including all private practice lawyers and private law firms currently engaged in this litigation.

**Plaintiffs-Appellees**: Darcy Roake, Reverend, and Adrian Van Young, on behalf of themselves and their minor children, real parties in interest A.V. and S.V.; Mamie Broadhurst, Reverend, and Richard Williams, Reverend, on behalf of themselves and their minor child, real party in interest N.W.; Jeff Sims, Reverend, on behalf of himself and on behalf of his minor children, real parties in interest A.S., C.S. 1, and C.S. 2.; Jennifer Harding and Benjamin Owens, on behalf of themselves and on behalf of their minor child, real party in interest A.O.; David and Erin Hawley, on behalf of themselves and on behalf of their minor children, real parties in interest A.H. and L.H.; Dustin McCrory, on behalf of himself and on behalf of his minor children, real parties in interest E.M., P.M., and L.M.; Gary Sernovitz and Molly Pulda, on behalf of themselves and on behalf of their minor child, real party in interest T.S.; Christy

Alkire, on behalf of herself and on behalf of her minor child, real party in interest L.A.; and Joshua Herlands, on behalf of himself and on behalf of his minor children, real parties in interest E.H. and J.H., represented by American Civil Liberties Union Foundation attorneys Heather L. Weaver and Daniel Mach; American Civil Liberties Union Foundation of Louisiana attorneys Nora Ahmed and Charles Andrew Perry; Americans United for Separation of Church & State attorney Alex J. Luchenitser; Freedom From Religion Foundation attorneys Patrick C. Elliott and Samuel T. Grover; and Simpson Thacher & Bartlett LLP attorneys Jonathan K. Youngwood, Janet A. Gochman, V. Noah Gimbel, Nicholas J. Prendergast, Jordan T. Krieger, Noah M. Huffman, and Victoria Wang.

Date: July 7, 2025

> */s/* Jonathan K. Youngwood
> Jonathan K. Youngwood
>
> *Counsel for Plaintiffs-Appellees*

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS .........................................i

TABLE OF CONTENTS ............................................................. iii

TABLE OF AUTHORITIES.........................................................iv

INTRODUCTION....................................................................1

ARGUMENT .........................................................................4

I.   DEFENDANTS CANNOT MEET THE STRINGENT
     STANDARDS FOR REHEARING EN BANC.................................4

II.  THE PANEL'S STANDING AND RIPENESS CONCLUSIONS
     ARE MANDATED BY BINDING SUPREME COURT
     PRECEDENT...................................................................5

     A.  The Panel Correctly Found Standing. ..........................5

         1.  *Doe* and *Barber* do not conflict with *Ingebretsen*.....................6

         2.  The Panel's standing decision is consistent with well-
             established precedent.........................................7

     B.  The Panel's Ripeness Ruling is Consistent with Supreme
         Court and Circuit Precedents. ...................................9

III. THE PANEL CORRECTLY APPLIED *STONE*. .............................11

     A.  *Stone* Controls. ..................................................12

     B.  Defendants' Attempt to Distinguish *Stone* is Meritless.............. 12

IV.  THERE IS NO CONFLICT WITH POST-*KENNEDY*
     ESTABLISHMENT CLAUSE PRECEDENT. .................................16

     A.  The Panel Correctly Applied *Kennedy* and Other Supreme
         Court Precedents...................................................17

     B.  Defendants' supposed "circuit split" does not exist.....................19

V.   PLAINTIFFS INDEPENDENTLY PREVAIL ON THEIR
     FREE EXERCISE CLAUSE CLAIM. .......................................20

CONCLUSION .....................................................................22

CERTIFICATE OF SERVICE.....................................................23

CERTIFICATE OF COMPLIANCE...............................................24

# TABLE OF AUTHORITIES

## Cases

*Babbitt v. United Farm Workers Nat'l Union,*
  442 U.S. 289 (1979) ........................................................................7

*Barber v. Bryant,*
  860 F.3d 345 (5th Cir. 2017) ................................................ 5, 6, 7

*Bosse v. Oklahoma,*
  580 U.S. 1 (2016)..........................................................................12

*Clapper v. Amnesty Int'l USA,*
  568 U.S. 398 (2013) ........................................................................6

*Doe v. Tangipahoa Par. Sch. Bd.,*
  494 F.3d 494 (5th Cir. 2007) (en banc) ................................ 5, 6, 7

*Edwards v. Aguillard,*
  482 U.S. 578 (1987) ........................................................................3

*Engel v. Vitale,*
  370 U.S. 421 (1963) ......................................................................15

*Firewalker-Fields v. Lee,*
  58 F.4th 104 (4th Cir. 2023).................................................. 19, 20

*Harrison v. Young,*
  48 F.4th 331 (5th Cir. 2022)........................................................13

*Hilsenrath v. Sch. Dist. of the Chathams,*
  136 F.4th 484 (3d Cir. 2025) .......................................................19

*Ingebretsen v. Jackson Pub. Sch. Dist.,*
  88 F.3d 274 (5th Cir. 1996)................................................... 5, 7, 8

*Johnson v. Lumpkin,*
  76 F.4th 1037 (5th Cir. 2023).......................................................4

*Karen B. v. Treen,*
  653 F.2d 897 (5th Cir. 1981), *aff'd*, 455 U.S. 913 (1982) .......................7, 8

*Kennedy v. Bremerton Sch. Dist.,*
  597 U.S. 507 (2022) ............................................................. passim

*Lee v. Weisman,*
  505 U.S. 577 (1992) ................................................... 3, 8, 11, 17, 19

*Lemon v. Kurtzman,*
  403 U.S. 602 (1971) ................................................................ 15, 16

*Mahmoud v. Taylor,*
  No. 24-297, 2025 WL 1773627 (U.S. June 27, 2025) ...................... passim

*O'Hair v. White,*
  675 F.2d 680 (5th Cir. 1982) (en banc) ........................................ 8

*Santa Fe Indep. Sch. Dist. v Doe,*
  530 U.S. 290 (2000) .......................................................... 3, 11, 19

*Sch. Dist. of Abington Twp. v. Schempp,*
  374 U.S. 203 (1963) ................................................................ 15

*Shurtleff v. City of Boston,*
  596 U.S. 243 (2022) ........................................................... 18, 19

*Staley v. Harris County,*
  485 F.3d 305 (5th Cir. 2007) (en banc) ..................................... 9, 10

*Steffel v. Thompson,*
  415 U.S. 452 (1974) ................................................................ 2

*Stone v. Graham,*
  449 U.S. 39 (1980) ........................................................... passim

*Susan B. Anthony List v. Driehaus,*
  573 U.S. 149 (2014) ................................................................ 2

*United States v. American-Foreign Steamship Corp.,*
  363 U.S. 685 (1960) ................................................................ 4

*Van Orden v. Perry,*
  545 U.S. 677 (2005) ............................................................... 15

*Webster v. Kijakazi,*
  19 F.4th 715 (5th Cir. 2021) ..................................................... 14

*Yoder v. Wisconsin,*
  406 U.S. 205 (1972) ........................................................... 18, 21

**Statutes**

La. H.B. 71, Act 676 (2024).......................................................... passim

**Rules**

Fed. R. App. P. 40(a) ................................................................4

L.R. 40, I.O.P. ................................................................. 1, 4, 21

L.R. 40.2.1., I.O.P.................................................................3

## <u>INTRODUCTION</u>

*Stone v. Graham*, 449 U.S. 39 (1980), held that the Establishment Clause bars the government from permanently posting the Ten Commandments in public-school classrooms. Despite *Stone*, Louisiana enacted a law last year to require the display of a government-sponsored, Protestant version of the Ten Commandments in every public-school classroom statewide. La. H.B. 71, Act 676 (2024) (the "Act"). In a straightforward application of Supreme Court and Fifth Circuit precedents, a district court preliminarily enjoined Defendants from implementing the Act, and a panel of this Court unanimously affirmed.

Defendants now demand the full attention of this Court, on an expedited schedule, claiming that the Panel flouted Article III principles and Establishment Clause caselaw. Pet.iii. In attempting to meet the "rigid standards" governing en banc review, L.R. 40, I.O.P., Defendants mischaracterize the Panel's opinion to manufacture an intra-circuit conflict regarding Article III standing and a "circuit split" on Establishment Clause jurisprudence, Pet.2. No such conflicts exist.

Further still, the Supreme Court's recent decision in *Mahmoud v. Taylor*, No. 24-297, 2025 WL 1773627 (U.S. June 27, 2025), only

1

confirmed that the Panel correctly applied justiciability and First Amendment precedents. There, parents alleged that a school district's inclusion of certain children's books in the English curriculum, along with the inability of their children to "opt out" from that curriculum, unconstitutionally burdened their religious exercise under the First Amendment. *Id.* at *13.

As to justiciability, the *Mahmoud* Court found that the parents were entitled to a preliminary injunction despite the parents' inability to allege "how a particular book was used *or is planned for* use at a particular time." *Id.* at *20 (emphasis added). The Court reaffirmed its longstanding precedents, holding that parents need not "'wait and see' how a particular book is used in a particular classroom on a particular day" because, "when a deprivation of First Amendment rights is at stake, a plaintiff need not wait for the damage to occur before filing suit." *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citing *Steffel v. Thompson*, 415 U.S. 452, 459 (1974))).

On the merits, *Mahmoud* rejected Defendants' stunted construction of the Supreme Court's coercion jurisprudence following the Court's ruling in *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022).

*Kennedy* itself affirmed that religious coercion "was among the foremost hallmarks of religious establishments the framers sought to prohibit when they adopted the First Amendment." 597 U.S. at 537. Specifically, because students are a "captive" audience, it remains "problematically coercive" under the Establishment Clause for public schools to impose religious messages on them. *See id.* at 541-42 (citing *Lee v. Weisman*, 505 U.S. 577, 580, 598 (1992); *Santa Fe Indep. Sch. Dist. v Doe*, 530 U.S. 290, 294, 311 (2000)). And *Mahmoud* further reiterated that the "'State exerts great authority and coercive power through' public schools 'because of the students' emulation of teachers as role models and the children's susceptibility to peer pressure.'" 2025 WL 1773627, at *17 (quoting *Edwards v. Aguillard*, 482 U.S. 578, 584 (1987)). *Mahmoud* also confirmed that Plaintiffs independently prevail under the Free Exercise Clause.

Accordingly, nothing about Defendants' Petition warrants the extraordinary and disfavored measure of rehearing en banc. Rather, it would unduly waste the "limited judicial resources" of this Court. L.R. 40.2.1., I.O.P. Defendants' Petition should be denied.

## ARGUMENT

## I. DEFENDANTS CANNOT MEET THE STRINGENT STANDARDS FOR REHEARING EN BANC.

"[R]ehearing en banc is not favored." Fed. R. App. P. 40(a). It is an "extraordinary procedure that is intended to bring to the attention of the entire court an error of exceptional public importance or an opinion that directly conflicts" with prior Supreme Court or Fifth Circuit precedent. *See* L.R. 40, I.O.P. (cleaned up); *see also United States v. American-Foreign Steamship Corp.*, 363 U.S. 685, 689 (1960) (en banc courts "are convened only when extraordinary circumstances exist that call for authoritative consideration and decision" by the circuit).

Defendants contest how the Panel applied precedent. But, as a threshold matter, "alleged errors in the facts of the case . . . or in the application of correct precedent to the facts of the case are generally matters for panel rehearing," not the "extraordinary procedure" of en banc review. L.R. 40, I.O.P. (cleaned up). Thus, this Court routinely denies rehearing en banc where a petitioner's arguments "had already been considered and rejected by binding precedent." *Johnson v. Lumpkin*, 76 F.4th 1037, 1038-39 (5th Cir. 2023).

4

## II. THE PANEL'S STANDING AND RIPENESS CONCLUSIONS ARE MANDATED BY BINDING SUPREME COURT PRECEDENT.

The Panel's justiciability holding reflects a straightforward application of well-settled precedent. Defendants' disagreement with how the Panel applied that precedent does not warrant en banc review.

### A. The Panel Correctly Found Standing.

Defendants' standing challenge incorrectly presumes that "*Doe* and *Barber* articulate a black-letter rule" that an "actual encounter" with a state-sponsored religious display is required before a plaintiff may challenge it. Pet.2 (citing *Doe v. Tangipahoa Par. Sch. Bd.*, 494 F.3d 494 (5th Cir. 2007) (en banc); *Barber v. Bryant*, 860 F.3d 345 (5th Cir. 2017)). They argue that the Panel "violat[ed]" this supposed "rule" by relying on *Ingebretsen v. Jackson Public School District*, 88 F.3d 274 (5th Cir. 1996), to find that Plaintiffs need not wait for H.B. 71's implementation or suffer an actual violation of their rights before proceeding with their First Amendment claims. Pet.2-3. But neither *Doe* nor *Barber* established such a "rule," Supreme Court precedent precludes such a "rule," and the Panel correctly applied precedent in finding standing here.

### 1.    *Doe* and *Barber* do not conflict with *Ingebretsen.*

*Doe* belies the "black-letter rule" Defendants ascribe to it. Just three sentences in, *Doe* states, "[c]onstitutional standing requires that the plaintiff personally suffered some actual *or threatened* injury that can fairly be traced to the challenged action and is redressable by the courts." 494 F.3d at 496 (emphasis added). *Doe* thus *affirms* that past exposure is *not* required to confer standing. *See* Op.18 ("[T]he [*Doe*] plaintiffs had not proven that they had ever witnessed [invocations] or would in the future." (citing *Doe*, 494 F.3d at 497-98)). *Doe* cannot preclude standing based on threatened injury when it identifies "threatened injury" as a basis for standing.

Defendants' reliance on *Barber* for their imagined "actual encounter rule" also fails. *Barber affirmed* standing based on threatened injury, stating that "[f]uture injuries can provide the basis for standing, but they 'must be *certainly impending* to constitute injury in fact.'" 860 F.3d at 357 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, (2013)); *see also* Op.17.

Notably, the Panel called out Defendants' cherry-picking of a quotation from *Barber* to support their argument that, "in religious

display cases, this court has 'required an encounter with the offending item or action to confer standing.'" Op.17 n.8 (quoting *Barber*, 860 F.3d at 353). As the Panel cautioned, "the quoted language cannot be divorced from its accompanying context," especially since the *Barber* Court explicitly "distinguished the plaintiffs' injuries"—which were based solely on their objection to religious beliefs listed in a statute—"from those alleged in religious display cases." *Id.*

It is manifestly wrong to suggest that *Ingebretsen* "conflict[s]" with, or is "irreconcilable" with, *Doe* or *Barber*. *See* Pet.2-3.

### 2. *The Panel's standing decision is consistent with well-established precedent.*

The Panel correctly concluded that "*Ingebretsen* remains good law." Op.17. *Ingebretsen* merely reflects longstanding precedents, on which the Panel also relied, recognizing that a plaintiff "'does not have to await the consummation of threatened injury to obtain preventive relief.'" *See* Op.15 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979), and collecting cases).

Indeed, *Ingebretsen* relies on another of this Court's precedents, *Karen B. v. Treen*, involving a pre-enforcement Establishment Clause injunction, which the Supreme Court affirmed. *See* 653 F.2d 897, 902 (5th

Cir. 1981) (holding school-prayer statute facially unconstitutional, even though the "program ha[d] yet to be put into effect" and "the nature and extent of state involvement in religious activity [was] in some measure speculative"), *aff'd*, 455 U.S. 913 (1982).

Defendants ignore this aspect of *Ingebretsen* along with other key precedent enjoining future, state-imposed religious observance. *See, e.g.*, *Lee*, 505 U.S. at 584  (enjoining prayers at "future graduations," finding "a live and justiciable controversy" where, "from the record[,] it appear[ed] likely, if not certain, that an invocation and benediction will be conducted at [student-plaintiff's] high school graduation"); *O'Hair v. White,* 675 F.2d 680, 686 (5th Cir. 1982) (en banc).

More recently, as discussed above, *Mahmoud* flatly rejected Defendants' so-called "black-letter 'actual encounter' rule." Pet.3. Rather, the Court reaffirmed that, "when a deprivation of First Amendment rights is at stake, a plaintiff need not wait for the damage to occur before filing suit." 2025 WL 1773627, at *20 (citations omitted). Thus, the *Mahmoud* plaintiffs were not forced to wait and see "how a particular book is used in a particular classroom on a particular day" before obtaining a preliminary injunction. *Id.* Nor are Plaintiffs here required

to delay bringing suit until after they have suffered the very injury they seek to prevent through preliminary relief.

Defendants wrongly contend that the Panel's application of the relevant caselaw to the particular facts here was erroneous. But even assuming their argument had any merit, en banc review would still be unwarranted for a misapplication of law to facts.[1]

### B. The Panel's Ripeness Ruling is Consistent with Supreme Court and Circuit Precedents.

Defendants' ripeness challenge reprises an argument that the Panel rejected—namely, that there is "no distinction" between this case and this Court's decision in *Staley v. Harris County*, 485 F.3d 305 (5th Cir. 2007) (en banc). *See, e.g.*, Pet.5; ROA.432; ROA.1221. The Panel found that "*Staley* provides no support" for Defendants' insistence "that Plaintiffs' claims are not fit for judicial decision because Plaintiffs have not yet encountered an H.B. 71 poster [and] do not know what any given display will look like[.]" Op.9. On the contrary, "H.B. 71's minimum

---

[1] Defendants also invite this Court to "revisit" what they call "its offended-observer precedents." Pet.4 n.1. En banc review is unwarranted because the Panel's conclusion that "Plaintiffs are more than mere 'offended observers'" finds ample support in governing caselaw. *See* Op.21-22.

requirements[] . . . reflect 'when, where, [and] under what circumstance[s]' the Ten Commandments are to be displayed," providing "sufficient information for a fact-intensive and context-specific analysis." Op.9-10 (quoting *Staley*, 485 F.3d at 307). The Panel's reasoning could not be clearer: "This case is not like *Staley* where '*no* decision ha[d] been made regarding *any aspect* of the future display of the [stored] monument.'" Op.10 (quoting 485 F.3d at 309) (emphases added by Panel).

What is more, *Staley* did not involve a statutorily mandated religious display. There was no legal obligation to re-display the Bible monument in accordance with any particular requirements, or at all. Nor did *Staley* involve school-sponsored religious observance. H.B. 71 *requires* Defendants to post the Ten Commandments, by a date certain, in compliance with the statute's minimum criteria. And absent judicial intervention, Defendants intend to implement H.B. 71. ROA.1655, 1767; Op.10 n.6 ("Louisiana does not suggest that there is a possibility that the displays may not be seen by students.").

The Panel's ripeness analysis is also wholly consistent with Supreme Court precedents making clear that a challenge to school-sponsored religious observance is properly adjudicated even if some

details remain unknown. For instance, in *Lee*, the Court affirmed jurisdiction even though the "[t]he record . . . [wa]s sparse in many respects" and required the court to "assume the clergy's participation in any high school graduation exercise would be about what it was at [the plaintiff's] middle school ceremony." 505 U.S. at 583; *see also Santa Fe*, 530 U.S. at 313 (rejecting "premature facial challenge" argument, even though there was "no certainty that any of the statements or invocations will be religious" until a student "actually delivers a solemnizing message" pursuant to the challenged policy). And if there were any doubt, *Mahmoud* merely reaffirmed what *Lee* and *Santa Fe* already demonstrated, holding that "a plaintiff need not wait for the damage to occur before filing suit" where, as here, "a deprivation of First Amendment rights is at stake." *Mahmoud*, 2025 WL 1773627, at *20 (citations omitted).

## III.   THE PANEL CORRECTLY APPLIED *STONE*.

Defendants next argue that *Stone* does not control, or alternatively, is distinguishable on the facts. Neither is true.

## A.    *Stone* Controls.

In all, "*Stone v. Graham* is controlling. Under *Stone*, H.B. 71 is plainly unconstitutional." Op.36. *Stone* struck down a similar Kentucky statute that required a "'durable, permanent copy of the Ten Commandments'" to be displayed in "'each public and secondary school classroom[.]'" Op.28 n.18 (quoting *Stone*, 449 U.S. at 39 n.1). Like H.B. 71, the Kentucky statute required that the displays be a certain size and include a statement concerning the Ten Commandments' claimed relevance to the U.S. legal system. *Id.*

The Panel's decision did not conflict with *Stone*; it applied *Stone*. And while Defendants may disagree with *Stone*, "[i]t is the Supreme Court's 'prerogative alone to overrule one of its precedents.'" Op.31 (citing *Bosse v. Oklahoma*, 580 U.S. 1, 3 (2016)).

## B.    Defendants' Attempt to Distinguish *Stone* is Meritless.

In the alternative, Defendants attempt to distinguish *Stone* on the facts. In doing so, they misstate the Panel's analysis and improperly raise, for the first time, the claim that H.B. 71 is not impermissible under *Stone* because the statute in *Stone* did not apply to postsecondary institutions.

*First*, invoking the illustrative posters promulgated by the Attorney General, Defendants mischaracterize the Panel's ruling and wrongly accuse the Panel of "cover[ing] its eyes" to Defendants' prototypes. Pet.11. But the Panel considered various sample posters submitted by Defendants and agreed with the district court that "the Ten Commandments are not 'printed in a large, easily readable font[,]'" and "are not the 'central focus' of each display." Op.32 n.20. These are factual findings, which this Court can override only by finding clear error. *Harrison v. Young*, 48 F.4th 331, 339 (5th Cir. 2022).

The Panel's refusal to assess the constitutionality of each of the state's proffered posters is a far cry from "bas[ing] its injunction on supposed . . . non-compliance *with State law*." Pet.10 (emphasis in original) (citation omitted). Rather, the Panel rightly rejected Defendants' argument that an otherwise-facially unconstitutional statute must survive constitutional scrutiny because the state runs roughshod over the statute's minimum requirements. The Panel's focus on those minimum requirements was not "artificial." Pet.11. It was appropriate because Plaintiffs are challenging the cumulative effect, across all classrooms and all grades throughout the minor-Plaintiffs'

13

public-school education, of H.B. 71's minimum requirements for the displays, which render the Act unconstitutional.

*Second*, Defendants attempt to distinguish *Stone* because the Kentucky statute did not apply to postsecondary institutions. Pet.12. They argue, for the first time, that the district court improperly enjoined H.B. 71 in a facial challenge because H.B. 71 displays may be less coercive in postsecondary settings. Pet.7. Defendants waived this argument by failing to raise it below: Not once did Defendants argue in their district court briefing, or at the district court hearing, that Plaintiffs' challenge must fail because the statute separately requires university displays. This Court "adheres to the general rule that 'arguments not raised before the district court are waived and cannot be raised for the first time on appeal,'" much less in a petition for rehearing en banc. *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021) (citation omitted). Regardless, Defendants' argument is irrelevant because Plaintiffs did not seek—and the district court did not issue—relief against any higher-education institution or any person with authority over higher-education institutions. *See* ROA.2097-98 (*compare* H.B. 71

§1(B)(6)(a) *with* H.B. 71 §1(C)(1)). And, in any event, H.B. 71 includes a severability clause. *Id.* (H.B. 71 §2).

*Third*, Defendants falsely accuse the Panel of "extending *Stone*'s reasoning to the facts of this case[] under a fresh *Lemon* analysis." Pet.12 (referencing *Lemon v. Kurtzman,* 403 U.S. 602 (1971)). To start, *Stone* was not "built" on *Lemon*, Pet.12. As the Supreme Court has explained, *Stone* "almost exclusive[ly] reli[ed] upon two of our school prayer cases." *Van Orden v. Perry,* 545 U.S. 677, 690-91 (2005) (plurality opinion) (citing *Sch. Dist. of Abington Twp. v. Schempp*, 374 U.S. 203 (1963); *Engel v. Vitale*, 370 U.S. 421, 421 (1963)); *see also* Op.30 (discussing *Van Orden*'s non-*Lemon* affirmation of *Stone*'s ruling). Nor did *Kennedy* overturn *Stone*: "*Kennedy* does not mention *Stone* or purport to overrule the decisions (other than *Lemon)* on which *Stone* relies, i.e., *Schempp* or *Engel.*" Op.31. Like *Stone*, the school-prayer cases bind lower courts unless overturned by the Supreme Court.

Moreover, the Panel expressly recognized that "the Supreme Court set aside the *Lemon* test in *Kennedy*." Op.31. Defendants make much of Judge Dennis's commentary on *Lemon* in his concurrence. Pet.v, Pet.11. But unlike the Panel's unanimous opinion, his concurrence is not

outcome-determinative, and it certainly does not warrant en banc reconsideration. As Judge Dennis noted, "I join the majority opinion in full [and] I write separately to offer two additional bases for affirming the district court's judgment." Concurrence.1.

Defendants further argue that the Panel "applied *Lemon*" when it analyzed the Act's legislative purpose. Pet.11. But the Panel merely addressed *Defendants*' argument that "Louisiana has a valid 'secular historical and educational purpose' for displaying the Ten Commandments." Op.30 (quoting Defs.' Opening Br., ECF 92, at 52). This Court should not countenance Defendants' bait-and-switch—first arguing that H.B. 71 is constitutionally permissible because it has a secular purpose, and then faulting the Panel for analyzing and rejecting that assertion.

The Panel did not "extend" *Stone*; it applied it. Op.36 ("Under *Stone*, H.B. 71 is plainly unconstitutional."). Only the Supreme Court—not any configuration of this Court—could possibly reach a contrary conclusion.

## IV.    THERE IS NO CONFLICT WITH POST-*KENNEDY* ESTABLISHMENT CLAUSE PRECEDENT.

Defendants argue that "the Panel drew this Court into conflict with the Third and Fourth Circuits by badly misunderstanding the Supreme

Court's post-*Kennedy* Establishment Clause approach." Pet.13. Not so. First, the Panel's ruling hinged on *Stone*. Thus, the Panel's discussion of *Kennedy*—beyond its correct assessment that "*Kennedy* did not overrule *Stone*"—is not outcome-determinative and unworthy of en banc review. Second, the Panel correctly applied *Kennedy*'s requirement that "the Establishment Clause must be interpreted by 'reference to historical practices and understandings.'" Op.36 (quoting 597 U.S. at 535) (cleaned up). All the Panel "expressly disagreed" with, Pet.15, was Defendants' attempt to skirt *Kennedy*'s reasoning and Defendants' misstatements of the law.

## A. The Panel Correctly Applied *Kennedy* and Other Supreme Court Precedents.

The Panel's ruling is fully consistent with *Kennedy*'s admonition that "coercion . . . was among the foremost hallmarks of religious establishments the framers sought to prohibit when they adopted the First Amendment." Op.37 (quoting 597 U.S. at 537). As *Mahmoud* reaffirmed, "[t]he government's operation of public schools . . . implicates direct, coercive interactions between the State and its young residents." 2025 WL 1773627, at *19. It is well settled that "'[t]here are heightened concerns with protecting freedom of conscience from subtle coercive

17

pressure in the elementary and secondary public schools.'" *Id.* at \*17 (quoting *Lee*, 505 U.S. at 592). Thus, the post-*Kennedy* Court in *Mahmoud* analyzed whether classroom content would "impose upon children a set of values and beliefs that are hostile to their parents' religious beliefs," and "exert upon children a psychological 'pressure to conform' to the[se] specific viewpoints." *Id.* (quoting *Yoder v. Wisconsin*, 406 U.S. 205, 218 (1972)).

Defendants hide from this fact: Neither the word "coercion" nor any derivation thereof appears once in Defendants' Petition. Instead, Defendants insist that the six "historical hallmarks of an established religion" enumerated in Justice Gorsuch's concurrence in *Shurtleff v. City of Boston,* 596 U.S. 243 (2022), somehow trump Justice Gorsuch's later majority opinion in *Kennedy*, which makes clear that coercion remains a constitutional concern. The Panel's conclusion that "Kennedy did not adopt these 'hallmarks' as the exclusive Establishment Clause test and [that] the *Shurtleff* concurrence is non-binding" is uncontroversial as a matter of law; indeed, "Louisiana conceded as much before the district court." Op.37.

18

**B.    Defendants' supposed "circuit split" does not exist.**

Further, neither of the out-of-circuit cases Defendants cite conflicts with the Panel's application of *Kennedy*. *See* Pet.13-14.

The Third Circuit's ruling in *Hilsenrath v. School District of the Chathams*, 136 F.4th 484 (3d Cir. 2025)—like *Kennedy* and the Panel's ruling—hinged on its coercion analysis. Unsurprisingly, Defendants avoid *Hilsenrath*'s acknowledgement that "coercion was one of the 'foremost hallmarks of religious establishments' at the founding." *Id.* at 492 (quoting *Kennedy*, 597 U.S. at 537); *see also id.* (discussing *Lee* and *Santa Fe*). They also omit that *Hilsenrath* cited *Stone* in distinguishing the challenged lessons regarding Islam from classroom Ten Commandments displays, finding that the two Islam lessons—included as part of a year-long World Cultures and Geography class—were not coercive because they "w[ere] 'integrated into the school curriculum' as part of 'an appropriate study of history, civilization,' and 'comparative religion.'" *Id.* at 492-93 (quoting *Stone*, 449 U.S. at 21).

Moreover, the Fourth Circuit's ruling in *Firewalker-Fields v. Lee*, 58 F.4th 104 (4th Cir. 2023), is entirely inapposite to, much less in conflict with, the Panel's decision. It does not cite the *Shurtleff* concurrence and

does not even reference the "hallmarks." Nor does it conduct an Establishment Clause analysis under *Kennedy*, instead remanding the case for further factual development. *Id.* at 122. And the Panel's ruling is consistent with the Fourth Circuit's suggestion, *id.* at 122 n.7, that a plaintiff bears the evidentiary burden under *Kennedy*: The Panel assumed that Plaintiffs had the burden here and correctly found that they met it. Op.41 n.26.

Defendants argue that the Panel's ruling "will throw this Court's Establishment Clause jurisprudence into disarray," Pet.15, by allowing Plaintiffs to advance their claims *without* demonstrating that H.B. 71 "reflects one of the historical hallmarks of religious establishment," Pet.17. But Plaintiffs did so. As they have shown, H.B. 71 will give rise to the "foremost hallmark" of them all: coercion.

## V. PLAINTIFFS INDEPENDENTLY PREVAIL ON THEIR FREE EXERCISE CLAUSE CLAIM.

En banc review is also unwarranted because Plaintiffs independently prevail under the Free Exercise Clause, as found by the district court. That finding is even stronger in light of *Mahmoud*, which clarified that courts "need not [even] ask whether the law at issue is neutral or generally applicable before proceeding to strict scrutiny" when

it comes to a public-school "educational requirement or curriculum" that would "'substantially interfer[e] with the religious development' of [a] child or pose 'a very real threat of undermining' the religious beliefs and practices the parent wishes to instill in the child." *Id.* at *18 (quoting *Yoder*, 406 U.S. at 218).

H.B. 71's blanket posting of *scripture* in every public-school classroom will, on a *daily* basis, "impose upon children a set of [religious] values and [religious] beliefs that are 'hostile' to their parents' religious [or non-religious] beliefs," and "exert upon children a psychological 'pressure to conform' to [the government's] specific [religious] viewpoints." *Mahmoud*, 2025 WL 1773627, at *17 (quoting *Yoder*, 406 U.S. at 218). The displays, "therefore present the same kind of objective danger to the free exercise of religion that [the Court] identified in *Yoder*." *Id.* (internal quotation marks omitted). And, as the district court held, the displays, and H.B. 71's minimum requirements for them, cannot overcome strict scrutiny. ROA.1764-65.

This Court should conserve its "limited judicial resources," L.R. 40, I.O.P., because *Mahmoud* independently dooms Defendants' arguments.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Petition should be denied.

Dated: July 7, 2025

Heather L. Weaver
Daniel Mach
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, Ste. 600
Washington, D.C. 20005

Nora Ahmed
Charles Andrew Perry
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA
PO Box 56157
New Orleans, LA 70156

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701

Respectfully submitted,

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT
LLP
425 Lexington Avenue
New York, NY 10017

Alex J. Luchenitser
AMERICANS UNITED FOR
SEPARATION OF CHURCH & STATE
1310 L Street, NW, Ste. 200
Washington, D.C. 20005

## **CERTIFICATE OF SERVICE**

On July 7, 2025, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

*/s/ Jonathan K. Youngwood*
Jonathan K. Youngwood

## **CERTIFICATE OF COMPLIANCE**

This document complies with Federal Rule of Appellate Procedure 40(d)(3) because it contains 3,900 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ *Jonathan K. Youngwood*
Jonathan K. Youngwood