No. 24-30706

# In the United States Court of Appeals for the Fifth Circuit

Darcy Roake, Reverend, on behalf themselves and on behalf of their minor children, et al.,
*Plaintiffs-Appellees*

v.

Cade Brumley, in his official capacity as the Louisiana State Superintendent of Education, et al.,
*Defendants-Appellants*

---

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:24-cv-517, Hon. John W. deGravelles

---

**Reply in Support of Petition for Rehearing En Banc**

---

Eric C. Rassbach
Joseph C. Davis
Benjamin A. Fleshman
Amanda L. Salz
Kelsey Baer Flores
The Becket Fund for
  Religious Liberty
1919 Pennsylvania Ave. NW
  Suite 400
Washington, D.C. 20006

Elizabeth B. Murrill
Attorney General of Louisiana

J. Benjamin Aguiñaga
Solicitor General

Zachary Faircloth
Principal Deputy Solicitor General

Caitlin Huettemann
Assistant Solicitor General

Office of the Attorney General
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

# REPLY

Plaintiffs offer no serious answers to the problems the Panel Opinion creates for this Court's jurisprudence. Among their more incredible assertions: (1) by urging the Panel to reject a "resurrection of *Lemon* that thumbs its nose at *Kennedy*," Br.53, ECF 92, Defendants actually "bait[ed]" (Resp.16) the Panel into applying *Lemon*; and (2) in expressly "disagree[ing]" that "the threshold question in an Establishment Clause analysis is whether the challenged practice implicates historical hallmarks of religious establishments," Op.36, the Panel did not (Resp.19–20) split with the Third and Fourth Circuits, which hold that, "to prevail on her Establishment Clause claim, [a plaintiff] must show that the [challenged conduct or practice] resembles one of the[] hallmarks of religious establishment," *Hilsenrath ex rel. C.H. v. Sch. Dist. of Chathams*, 136 F.4th 484, 491 & n.54 (3d Cir. 2025) (citing *Firewalker-Fields v. Lee*, 58 F.4th 104, 122 n.7 (4th Cir. 2023)).

For purposes of this reply, however, Defendants address only Plaintiffs' reliance on a red herring—*Mahmoud v. Taylor*, 2025 WL 1773627 (U.S. June 27, 2025), decided the day after the Petition was

1

filed.[1] *Mahmoud* is a Free Exercise Clause case, not an Establishment Clause case—and the Panel here refused to address Plaintiffs' Free Exercise claim. Even if it were relevant, moreover, *Mahmoud* allowed specific parents with specific religious beliefs to seek tailored opt-outs, not across-the-board invalidation of a state statute. For these reasons, *Mahmoud* would be relevant on remand for the district court's consideration in the first instance of the Free Exercise claim after *Mahmoud*. But it should not distract the Court from the only issues presented here: correcting the Panel's Article III errors and eliminating the conflict between this Court's Establishment Clause cases and those from other courts.

## DISCUSSION

**1.** *Mahmoud* held that the Free Exercise Clause entitled religiously objecting parents to opt their children out of the reading of and "instruction related to" "'LGBTQ+-inclusive' storybooks" in public-school classrooms. 2025 WL 1773627, at *5, *13. That holding has no bearing on the en-banc-worthiness of this case. The Panel expressly declined to

---

[1] Defendants' outside counsel represented the prevailing *Mahmoud* petitioners, and Louisiana supported the *Mahmoud* petitioners as amicus. By contrast, Plaintiffs' counsel filed briefs *opposing* the result in *Mahmoud*.

reach Plaintiffs' Free Exercise claim, instead resting its holding on the Establishment Clause. Op.23 n.14, 26 n.16. That Plaintiffs primarily seek to defend the Panel's decision using a rationale the Panel did not reach only underscores that its Establishment Clause errors warrant full Court review.

And the distinction between the two Clauses is critical. Plaintiffs say *Mahmoud* supports their claims "under the Free Exercise Clause." Resp.3. But even if that were so (it is not), it would not justify the result the Panel reached under the Establishment Clause—*i.e.*, that H.B. 71 is "facially unconstitutional," such that H.B. 71 displays cannot be put up *anywhere*. Op.2. Although the Establishment and Free Exercise Clauses "may in certain instances overlap, they forbid two quite different kinds of governmental encroachment upon religious freedom." *Sch. Dist. of Abington Twp. v. Schempp*, 374 U.S. 203, 221 (1963). The Establishment Clause forbids religious establishments regardless of their effect on a claimant's religious exercise; the Free Exercise Clause forbids

impermissible restrictions on a claimant's religious exercise regardless whether they constitute a religious establishment.[2]

Thus, *Mahmoud* protected the parents' "specific religious beliefs and practices" by requiring opt-outs from the objected-to curriculum, 2025 WL 1773627, at *15, *24, but it did not strike down the curriculum itself. To the contrary, *Mahmoud* "emphasized that what the parents seek here is not the right to micromanage the public school curriculum, but rather to have their children opt out of a particular educational requirement." *Id.* at *24.

Under *Mahmoud*, then, the *most* Plaintiffs could get would be a ruling that H.B. 71 cannot be applied in such a way that it burdens *their* religious exercise. They could not obtain a ruling that H.B. 71 cannot be applied in the many thousands of Louisiana classrooms in which Plaintiffs' children will never set foot. So even if Plaintiffs' understanding of *Mahmoud* were correct, the Panel's mangling of Establishment Clause justiciability and facial-review standards and its rejection of *Kennedy*'s

---

[2] *See, e.g., Braunfeld v. Brown*, 366 U.S. 599, 600-01 (1961) (considering whether Free Exercise Clause would require exception to law previously upheld under the Establishment Clause); *Soc'y of Separationists v. Herman*, 939 F.2d 1207, 1210, 1213, 1217-18 (5th Cir. 1991) (requiring exemption under Free Exercise Clause from law previously upheld under Establishment Clause).

hallmarks approach would still merit full Court review—and vacatur of the district court's injunction prohibiting Defendants from engaging in *any* application of H.B. 71 in *any* Louisiana classroom.

**2.** In any event, *Mahmoud* does not affect either the Establishment Clause or Free Exercise Clause claims in this case.

*First*, Plaintiffs say that "*Mahmoud* flatly rejected Defendants' so-called 'black-letter actual encounter rule'" and "reaffirmed" the notion that a plaintiff need not need to wait for an actual encounter to occur to establish standing. Resp.8. But *Mahmoud* said nothing about how a plaintiff might establish standing *under the Establishment Clause*—a unique context in which the "[p]utative injuries caused by public religious exercise 'represent the outer limits' of what is constitutionally cognizable." *Freedom From Religion Found. v. Mack*, 49 F.4th 941, 949 (5th Cir. 2022). *Mahmoud* also did not address this Court's longstanding holdings that require "an encounter with the offending item … to confer standing" in "cases involving religious displays." *Barber v. Bryant*, 860 F.3d 345, 353 (5th Cir. 2017).

This is unsurprising because *Mahmoud* did not involve a speculative claim like the one here. There, the challenged curriculum had

5

been in place for a year, and the Court knew exactly which books were being read to students, discussing them at length. 2025 WL 1773627, at *6–*9; *id.* at *10 (plaintiff's child was permitted to sit outside during book readings until school "announced that opt outs would no longer be available"). Here, by contrast, no one has ever seen an H.B. 71 display. And Plaintiffs have no idea what the displays in any classroom will look like. *Mahmoud* thus does not solve Plaintiffs' justiciability problem.

*Second*, on the merits of their Establishment Clause claim, Plaintiffs assert that *Mahmoud* is relevant to something they call "the Supreme Court's coercion jurisprudence following" *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022). Resp.2. *Kennedy*, however, does not identify "coercion" *simpliciter* as a hallmark of religious establishment, but rather coercion "to engage *in a formal religious exercise*"—which has nothing to do with this case. 597 U.S. at 537 (emphasis added).

Note, too, that Plaintiffs now try to prevail on a hallmarks analysis—*which the Panel refused to conduct. Compare* Resp.20 ("Plaintiffs did .... [show that] H.B. 71 will give rise to the 'foremost hallmark' of them all: coercion."), *with* Op.36–38 ("disagree[ing]" that the Panel must identify a hallmark and looking instead for "a 'broader

6

tradition' [of] us[ing] [] the Ten Commandments in public education"). In fact, the word "tradition" (the Panel's focus) does not appear a single time in the en banc response brief. Plaintiffs' refusal to defend the Panel's analysis on its own terms speaks for itself.

In all events, even if "coercion" untethered to formal religious exercise were itself a hallmark of religious establishment (it is not), the "potentially coercive … instruction" at issue in *Mahmoud* is entirely absent here. 2025 WL 1773627, at *17. In *Mahmoud*, there was "an expectation that teachers use" the challenged books "as part of instruction," and that the "discussion that ensue[d]" after reading the books would "correct the children and accuse them of being hurtful when they express a degree of religious confusion." *Id*. In contrast, here H.B. 71 requires *no* instruction on the Ten Commandments. It does not require teachers to discuss or even acknowledge the displays, nor does it dictate where the displays must be placed.

*Third*, Plaintiffs are wrong to think that *Mahmoud* strengthens the Free Exercise claim that the Panel refused to consider. Resp.20–21. To evaluate whether religious exercise has been burdened, *Mahmoud* requires a "fact-intensive" inquiry into the "specific religious beliefs and

7

practices asserted, as well as the specific nature of the educational requirement … at issue." 2025 WL 1773627, at *15. But the "specific nature" of H.B. 71 could not be more different than the curriculum at issue in *Mahmoud*. H.B. 71 does not require any "instruction" on the Ten Commandments, *id.*, or even any acknowledgement of a display placed in a classroom. It simply requires that small displays be placed somewhere on classroom walls.

\* \* \*

The Court should grant Defendants' petition.

|  | Respectfully submitted, |
|---|---|
| | ELIZABETH B. MURRILL<br>Attorney General of Louisiana |
| ERIC C. RASSBACH<br>JOSEPH C. DAVIS<br>BENJAMIN A. FLESHMAN<br>AMANDA L. SALZ<br>KELSEY BAER FLORES<br>THE BECKET FUND FOR<br> RELIGIOUS LIBERTY<br>1919 Pennsylvania Ave. NW<br> Suite 400<br>Washington, D.C. 20006<br><br>*Counsel for Appellants*<br>*Brumley and LSBESE Officials*<br><br>Dated:   July 9, 2025 | */s/ J. Benjamin Aguiñaga*<br>J. BENJAMIN AGUIÑAGA<br>Solicitor General<br><br>ZACHARY FAIRCLOTH<br>Principal Deputy Solicitor General<br><br>CAITLIN HUETTEMANN<br>Assistant Solicitor General<br><br>OFFICE OF THE ATTORNEY GENERAL<br>1885 N. 3rd St.<br>Baton Rouge, LA 70802<br>(225) 506-3746<br>AguinagaB@ag.louisiana.gov<br><br>*Counsel for Appellants* |

## CERTIFICATE OF SERVICE

I certify that on July 9, 2025, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

<em>/s/ J. Benjamin Aguiñaga</em><br>
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this brief complies with:

(1) the 1,500-word limit requested in Defendants' motion for leave to file a reply in support of their petition for rehearing en banc because the brief contains 1,433 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Dated:　July 9, 2025