

**LIZ MURRILL**
**ATTORNEY GENERAL**

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

September 5, 2025

**VIA CM/ECF**

Mr. Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

> Re: *Roake v. Brumley*, No. 24-30706
> Louisiana's statement of position on Texas's request for joint en banc consideration in *Nathan v. Alamo Heights Indep. Sch. Dist.*, No. 25-50695

Dear Mr. Cayce:

I write to convey Louisiana's position on Texas's request for joint en banc consideration in *Nathan v. Alamo Heights Indep. Sch. Dist.*, No. 25-50695. As the Court is aware, on August 20, 2025, a Texas district court preliminarily enjoined Texas's S.B. 10—a statute that, like Louisiana's H.B. 71, requires public schools to display the Ten Commandments in classrooms. *See* ECF 244 (Louisiana's 28(j) re: *Nathan v. Alamo Heights Indep. Sch. Dist.*, No. 25-cv-756, 2025 WL 2417589 (W.D. Tex. Aug. 20, 2025)). Texas has appealed that ruling, and on September 2 petitioned for initial en banc review "alongside" this case. *See Nathan*, No. 25-50695, ECF 18 at 1–2.

Louisiana consents to the cases being heard in tandem by the en banc Court. As Texas explains, judicial economy favors that course, since any panel in *Nathan* would be "bound to apply *Roake* under the rule of orderliness," notwithstanding its distortions of this Court's Article III and Establishment Clause law. *Id.* at 7. And this Court's consideration of the exceptionally important questions at issue could be aided by having before it the fulsome records developed across both cases, including, for example, actual illustratives (present in *Roake* but not *Nathan*) and defense expert testimony (present in *Nathan* but not *Roake*). *Id.* at 13–16.

1



STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

Texas's petition also rightly confirms the urgent need for en banc intervention—to correct "*Roake*'s expansion of offended-observer standing," its "revivification of *Lemon*," and its split with other Circuits on "the proper post-*Lemon* standard." *Id.* at 8, 11–12. Those errors have now twice resulted in injunctions against the implementation of State laws, in cases "concern[ing] core questions involving the interaction of public education with this nation's religious history and traditions." *Id.* at 8. The Court should grant en banc review and settle these important questions with one voice that spans the entire Circuit.

Respectfully,

|  |  |
|---|---|
| ERIC C. RASSBACH<br>JOSEPH C. DAVIS<br>BENJAMIN A. FLESHMAN<br>AMANDA L. SALZ<br>THE BECKET FUND FOR<br>   RELIGIOUS LIBERTY<br>1919 Pennsylvania Ave. NW<br>   Suite 400<br>Washington, D.C. 20006<br><br>*Counsel for Appellants Brumley and LSBESE Officials* | /s/ J. Benjamin Aguiñaga<br>ELIZABETH B. MURRILL<br>Attorney General of Louisiana<br><br>J. BENJAMIN AGUIÑAGA<br>Solicitor General<br><br>ZACHARY FAIRCLOTH<br>Principal Deputy Solicitor General<br><br>OFFICE OF THE ATTORNEY GENERAL<br>1885 N. 3rd St.<br>Baton Rouge, LA 70802<br>(225) 506-3746<br>AguinagaB@ag.louisiana.gov<br><br>*Counsel for Appellants* |