No. 24-30706

In the United States Court of Appeals for the Fifth Circuit

DARCY ROAKE, REVEREND, ON BEHALF OF THEMSELVES AND ON BEHALF OF
THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL PARTY IN
INTEREST S.V.; ADRIAN VAN YOUNG, ON BEHALF OF THEMSELVES AND ON
BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL
PARTY IN INTEREST S.V.; MAMIE BROADHURST, REVEREND, ON BEHALF OF
THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN
INTEREST N.W.; RICHARD WILLIAMS, REVEREND, ON BEHALF OF
THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN
INTEREST N.W.; JEFF SIMS, REVEREND, ON BEHALF OF HIMSELF AND ON
BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST A.S., REAL PARTY
IN INTEREST C.S. 1, REAL PARTY IN INTEREST C.S. 2; JENNIFER HARDING, ON
BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY
IN INTEREST A.O.; BENJAMIN OWENS, ON BEHALF OF THEMSELVES AND ON
BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST A.O.; DAVID
HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR
CHILDREN, REAL PARTY IN INTEREST A.H., REAL PARTY IN INTEREST L.H.;
ERIN HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR
CHILDREN, REAL PARTY IN INTEREST A.H, REAL PARTY IN INTEREST L.H.;
DUSTIN MCCRORY, ON BEHALF OF THEMSELVES AND ON BEHALF OF HIS
MINOR CHILDREN, REAL PARTY IN INTEREST E.M.; REAL PARTY IN INTEREST
P.M., REAL PARTY IN INTEREST L.M.; GARY SERNOVITZ, ON BEHALF OF
THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN
INTEREST T.S.; MOLLY PULDA, ON BEHALF OF THEMSELVES AND ON BEHALF
OF THEIR MINOR CHILD, REAL PARTY IN INTEREST T.S.; CHRISTY ALKIRE, ON
BEHALF OF HERSELF AND ON BEHALF OF HER MINOR CHILD, REAL PARTY IN
INTEREST L.A.; JOSHUA HERLANDS, ON BEHALF OF HIMSELF AND ON BEHALF
OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST E.H., REAL PARTY IN
INTEREST J.H.,

*Plaintiffs-Appellees*,

v.

CADE BRUMLEY, IN HIS OFFICIAL CAPACITY AS THE LOUISIANA STATE
SUPERINTENDENT OF EDUCATION; CONRAD APPEL, IN HIS OFFICIAL CAPACITY

AS A MEMBER OF THE LOUISIANA STATE BOARD OF ELEMENTARY AND
SECONDARY EDUCATION (LSBESE); JUDY ARMSTRONG, IN HER OFFICIAL
CAPACITY AS A MEMBER OF THE LSBESE; KEVIN BERKEN, IN HIS OFFICIAL
CAPACITY AS A MEMBER OF THE LSBESE; PRESTON CASTILLE, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SIMONE CHAMPAGNE, IN
HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SHARON LATTEN-
CLARK, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; LANCE
HARRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; PAUL
HOLLIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SANDY
HOLLOWAY, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE;
STACEY MELERINE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE
LSBESE; RONNIE MORRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE
LSBESE; EAST BATON ROUGE PARISH SCHOOL BOARD; LIVINGSTON PARISH
SCHOOL BOARD; VERNON PARISH SCHOOL BOARD; ST. TAMMANY PARISH
SCHOOL BOARD,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:24-cv-517, Hon. John W. deGravelles

---

## PLAINTIFFS-APPELLEES' SUPPLEMENTAL SURREPLY TO DEFENDANTS-APPELLANTS' SUPPLEMENTAL REPLY

Daniel Mach
Arijeet Sensharma
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, Ste. 600
Washington, D.C. 20005
(202) 675-2330
dmach@aclu.org
cl_asensharma@aclu.org

Jonathan K. Youngwood
Janet A. Gochman
SIMPSON THACHER & BARTLETT
LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com

*Counsel for Plaintiffs-Appellees*
*(continued on inside cover)*

*Additional Counsel for Plaintiffs-Appellees*

Nora Ahmed
Charles Andrew Perry
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA
PO Box 56157
New Orleans, LA 70156
(504) 522-0628
nahmed@laaclu.org
aperry@laaclu.org

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701
(608) 256-8900
patrick@ffrf.org
sam@ffrf.org

V. Noah Gimbel
Jordan T. Krieger
SIMPSON THACHER & BARTLETT
LLP
900 G Street, NW
Washington, D.C. 20001
(202) 636-5500
noah.gimbel@stblaw.com
jordan.krieger@stblaw.com

Alex J. Luchenitser
Amy Tai
AMERICANS UNITED FOR
SEPARATION OF CHURCH & STATE
1310 L Street, NW, Ste. 200
Washington, D.C. 20005
(202) 466-3234
luchenitser@au.org
tai@au.org

## CERTIFICATE OF INTERESTED PERSONS

*Roake, et al. v. Brumley, et al.*, No. 24-30706

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Plaintiffs-Appellees**: Darcy Roake, Reverend, and Adrian Van Young, on behalf of themselves and their minor children, real parties in interest A.V. and S.V.; Mamie Broadhurst, Reverend, and Richard Williams, Reverend, on behalf of themselves and their minor child, real party in interest N.W.; Jeff Sims, Reverend, on behalf of himself and on behalf of his minor children, real parties in interest A.S., C.S. 1, and C.S. 2.; Jennifer Harding and Benjamin Owens, on behalf of themselves and on behalf of their minor child, real party in interest A.O.; David and Erin Hawley, on behalf of themselves and on behalf of their minor children real parties in interest A.H. and L.H.; Dustin McCrory, on behalf of himself and on behalf of his minor children, real parties in interest E.M., P.M., and L.M.; Gary Sernovitz and Molly Pulda, on behalf of themselves

and on behalf of their minor child, real party in interest T.S.; Christy Alkire, on behalf of herself and on behalf of her minor child, real party in interest L.A.; and Joshua Herlands, on behalf of himself and on behalf of his minor children, real parties in interest E.H. and J.H., represented by American Civil Liberties Union Foundation attorneys Daniel Mach and Arijeet Sensharma; American Civil Liberties Union Foundation of Louisiana attorneys Nora Ahmed and Charles Andrew Perry; Americans United for Separation of Church & State attorneys Alex J. Luchenitser and Amy Tai; Freedom From Religion Foundation attorneys Patrick C. Elliott and Samuel T. Grover; and Simpson Thacher & Bartlett LLP attorneys Jonathan K. Youngwood, Janet A. Gochman, V. Noah Gimbel, and Jordan T. Krieger.

**Amici**: The States of Alabama, Alaska, Arkansas, Florida, Idaho, Indiana, Iowa, Kansas, Kentucky, Mississippi, Missouri, Nebraska, Ohio, South Carolina, South Dakota, Tennessee, Utah, and West Virginia are represented by Office of the Kentucky Attorney General attorneys Russell Coleman, Matthew F. Kuhn, John H. Heyburn, and Caleb B. Childers. The Conscience Project and Professor Mark David Hall are represented by attorney Andrea Picciotti-Bayer. The America

First Policy Institute and Pastor Lorenzo Sewell are represented by attorneys Garrett Greene, Leigh Ann O'Neill, Nick Wanic, and Tyler Cochran. The Fraternal Order of Eagles is represented by Schaerr Jaffe LLP attorneys Gene C. Schaerr and Justin A. Miller, and attorney Creighton A. Thurman. The Foundation for Moral Law is represented by attorneys John Eidsmoe and Talmadge Butts. The Family Research Council is represented by Spero Law LLC attorney Christopher Mills. The Robertson Center for Constitutional Law is represented by attorneys Laura B. Hernandez and Christian B. Edmonds. America's Future, the Restoring Liberty Action Committee, the LONANG Institute, and the Conservative Legal Defense and Education Fund are represented by attorneys J. Mark Brewer, Law Offices of Joseph Miller, LLC attorney Joseph W. Miller, Pentiuk, Couvreur, & Kobiljak, P.C. attorney Kerry L. Morgan, William J. Olson, P.C. attorneys William J. Olson and Jeremiah L. Morgan, and Integrity Law Firm attorney Rick Boyer. Louisiana State Legislators Michael Johnson, Dodie Horton, and Adam Bass are represented by Consovoy McCarthy PLLC attorneys Thomas R. McCarthy and Tiffany H. Bates and the Antonin Scalia Law School Supreme Court Clinic. The Baptist Joint Committee for Religious

Liberty, Evangelical Lutheran Church in America, The General Synod of The United Church of Christ, Reverend Jihyun Oh, The Most Reverend Sean W. Rowe, and Ms. Julia Ayala Harris are represented by Baptist Joint Committee for Religious Liberty attorneys Douglas Laycock and K. Hollyn Hollman and Orrick, Herrington & Sutcliffe LLP attorneys James R. McGuire, Nnayongo Malafa, and Boyd I.R. Hampton. The National Council of Jewish Women, American Jewish Committee, Anti-Defamation League, Bend the Arc: A Jewish Partnership for Justice, Central Conference of American Rabbis, Hadassah, the Women's Zionist Organization of America, Inc., Hindus for Human Rights, Interfaith Alliance, Jewish Council for Public Affairs, Jewish Women International, Keshet, Men of Reform Judaism, Muslim Public Affairs Council Foundation, Muslims for Progressive Values, Rabbinical Assembly, Reconstructing Judaism, Reconstructionist Rabbinical Association, Sadhana: Coalition of Progressive Hindus, The Sikh Coalition, Society for Humanistic Judaism, T'ruah, Union for Reform Judaism, Women of Reform Judaism, Women's Rabbinic Network, and Zioness Movement are represented by Jenner & Block LLP attorneys Lindsay C. Harrison, Luke C. Platzer, Noah B. Bleicher,

iv

Sophia E. Arbess, Mary-Claire Spurgin, and Amber M. Gibson. The Center for Inquiry is represented by Hogan Lovells US LLP attorneys Peter S. Spivack, Melissa Giangrande Jacobs, Jordyn Johnson, Batya Kemper, Lorea Mendiguren, and Noah Ramirez.

Date: December 23, 2025

*/s/ Jonathan K. Youngwood*

*Counsel for Plaintiffs-Appellees*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..........................................i

TABLE OF AUTHORITIES....................................................vii

INTRODUCTION.................................................................1

ARGUMENT ....................................................................3

I.    Plaintiffs' Free-Exercise Claims Remain on Appeal. ......................3

II.   The District Court Correctly Applied the Supreme Court's Free-Exercise Precedents.................................................3

  A.    Substantial Burden ................................................4

  B.    Denominational Neutrality......................................8

III.  The Injunction Is Appropriately Tailored....................................10

CONCLUSION ................................................................12

CERTIFICATE OF SERVICE.................................................13

CERTIFICATE OF COMPLIANCE.......................................14

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*,
  138 F.4th 252 (5th Cir. 2025) (en banc) ................................................. 3

*Book People, Inc. v. Wong*,
  91 F.4th 318 (5th Cir. 2024) ................................................................ 11

*E.T. v. Paxton*,
  19 F.4th 760 (5th Cir. 2021) ......................................................... 10, 11

*Ex parte Young*,
  209 U.S. 123 (1908) ............................................................................ 11

*Gillette v. United States*,
  401 U.S. 437 (1971) .............................................................................. 8

*Mahmoud v. Taylor*,
  606 U.S. 522 (2025) ..................................................................... passim

*Masterpiece Cakeshop, Ltd. v. Colo. Civ. Rights Comm'n*,
  584 U.S. 617 (2018) .......................................................................... 8, 9

*Moore v. La. Bd. of Elem. & Secondary Educ.*,
  743 F.3d 959 (5th Cir. 2014) ............................................................. 11

*Nathan v. Alamo Heights Indep. Sch. Dist.*,
  No. 25-50695 (5th Cir.), ECF 34 ..................................................... 3, 10

*Susan B. Anthony List v. Driehaus*,
  573 U.S. 149 (2014) .............................................................................. 2

*Wisconsin v. Yoder*,
  406 U.S. 205 (1972) ...................................................................... 2, 5, 7

**Statutes**

La. R.S. § 17:2124 (2024) ("H.B. 71") ............................................... passim

**Rules**

5th Cir. R. 41.3 ........................................................................... 6

# INTRODUCTION

Defendants' Reply, ECF 369-1, mischaracterizes the procedural record, as well as the governing caselaw, and does not meaningfully rebut the merits of Plaintiffs' free-exercise claims.

Defendants minimize Plaintiffs' free-exercise claims, incorrectly asserting that "[j]urisdiction and the Establishment Clause are what this case is about" and speculating as to why "this Court granted en banc review." ECF 369-1 at 5. They ignore that the Free Exercise Clause has been a part of this litigation since Plaintiffs first filed suit, and it formed an independent basis for the district court's preliminary injunction. ROA.1629. Indeed, Defendants have addressed Plaintiffs' free-exercise claims throughout this appeal, including in their supplemental en banc brief, undermining any argument that this Court ought not consider those claims. Def.Br.68-71.

Defendants' assertion that *Mahmoud v. Taylor*, 606 U.S. 522 (2025), precludes Plaintiffs' free-exercise claims distorts *Mahmoud*'s holding beyond recognition. *Mahmoud* reaffirmed the district court and

Panel's reasoning as to jurisdiction,[1] and bolstered the district court's merits ruling on Plaintiffs' free-exercise claims.

The district court's free-exercise ruling was based on the Supreme Court's jurisprudence regarding coercion, denominational neutrality, and parents' free-exercise right to "direct the religious upbringing of their children." ROA.1759-66, 1778; *Mahmoud*, 606 U.S. at 543 (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972)). Defendants' Reply entirely ignores the first two of those grounds and misrepresents the record and *Mahmoud* in connection with the third. Nor are Defendants' attempts to minimize the Ten Commandments as passive "[p]osters on the wall" persuasive. ECF 369-1 at 5. Commandments *are* instruction—they are divine rules for believers and those they seek to proselytize. Commandments are not suggestions.

---

[1] Tellingly, Defendants' Reply omits any substantive discussion of *Mahmoud*'s reconfirmation of justiciability principles relevant to both the Establishment and Free Exercise Clauses. *See* 606 U.S. at 559-60 (holding that parents were not required to "make specific allegations describing how the books 'are actually being used in classrooms'" before seeking relief because "when a deprivation of First Amendment rights is at stake, a plaintiff need not wait for the damage to occur before filing suit") (citing *Susan B. Anthony List* v. *Driehaus*, 573 U.S. 149, 158 (2014)).

## **ARGUMENT**

### I.    **Plaintiffs' Free-Exercise Claims Remain on Appeal.**

The district court opinion—not the Panel opinion—is on appeal. "[T]he granting of a rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate." 5th Cir. R. 41.3. Citing to just one case, Defendants extrapolate as to this Court's "En Banc Practice" in an attempt to avoid a dispositive issue on appeal here and in *Nathan*. ECF 369-1 at 6 (citing *Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga,* 138 F.4th 252 (5th Cir. 2025) (en banc)). Defendants reach too far. That the Court returned one case back to the original panel does not make it the Court's "En Banc Practice." Since the district court's preliminary injunction is also predicated on Plaintiffs' free-exercise claims, ROA.1629, "judicial economy" requires "en banc review [to] settle these important *questions* with one voice that spans the entire Circuit." ECF 248 at 1-2 (emphasis added).

### II.    **The District Court Correctly Applied the Supreme Court's Free-Exercise Precedents.**

The district court's free-exercise ruling faithfully applied Supreme Court precedent in finding for Plaintiffs. Like its Establishment Clause analysis, the district court considered the Free Exercise Clause's

prohibition against religious coercion and its demand for denominational neutrality, as well as parental rights to direct their children's religious upbringing. *Mahmoud* only strengthens Plaintiffs' claims and bolsters the district court's ruling.

### A.    Substantial Burden

In arguing that H.B. 71 does not violate Plaintiffs' free-exercise rights, Defendants dismiss Plaintiffs' sincerely held religious beliefs as "subjective" and mischaracterize *Mahmoud*'s facts and holding. And Defendants fail to seriously address the other free-exercise caselaw that the district court correctly applied. Religious exercise includes the "rights of parents to direct 'the religious upbringing' of their children." *Mahmoud*, 606 U.S. at 546. "[T]hose rights are violated by government policies that 'substantially interfer[e] with the religious development' of children." *Id.*

The district court found that H.B. 71 likely violates Plaintiffs' free-exercise rights because "the Act is coercive to students, and, for all practical purposes, they cannot opt out of viewing the Ten Commandments when they are displayed in every classroom, every day of the year, every year of their education." ROA.1765. The Act thus

burdens Plaintiffs' religious exercise under well-settled precedent. ROA.1760 ("For over fifty years, the Supreme Court has recognized 'traditional concepts of parental control over the religious upbringing and education of their minor children.'" (quoting *Yoder*, 406 U.S. at 231)).

*Mahmoud* reaffirmed the Free Exercise Clause's protection against government coercion and interference with children's religious upbringing. The Free Exercise Clause does not merely bar "direct coercion." *Mahmoud*, 606 U.S. at 548. It "protects against policies that impose more subtle forms of interference with the religious upbringing of children." *Id. Mahmoud* unequivocally held that "[a] government burdens the religious exercise of parents when it requires them to submit their children to instruction that poses 'a very real threat of undermining' the religious beliefs and practices that the parents wish to instill." *Id.* at 530 (citing *Yoder*, 406 U.S. at 218).

Defendants' attempts to distinguish the facts of *Mahmoud* are unpersuasive. In essence, Defendants repeat their arguments that the displays are "unknown," not instruction, and are "purely passive posters" that evince no "attempt to 'correct' or 'disrupt' students' religious beliefs." ECF 369-1 at 10-11. Such arguments were correctly rejected by the

district court's free-exercise analysis. ROA.1761-64. To begin, H.B. 71 prescribes—down to the exact words and minimum dimensions—the "what, when, where, and how" of each display. ROA.1623. Defendants' illustrations are immaterial to the assessment of constitutional violations that stem from H.B. 71's minimum requirements. ROA.1645-46.

Defendants similarly overlook that the Commandments are directives. In *Mahmoud*, the majority found that the books at issue were "unmistakably normative," "clearly designed to present certain values and beliefs as things to be celebrated and certain contrary values and beliefs as things to be rejected." 606 U.S. at 550. So too are Louisiana's Ten Commandments, which direct all to accept "the LORD thy God" and reject "certain contrary values and beliefs" like putting "other gods" before "*the* LORD thy God," or "mak[ing]…graven images." *Id.*; La. R.S. § 17:2124(b)(2) (emphasis added). In fact, Defendants concede that the Ten Commandments are "unmistakably normative." In an illustration, Defendants provide the Ten Commandments as a "famous example of rules[.]" ROA.1682. Defendants define "rules" as "statements about how you should behave." *Id.*

Unable to distinguish *Mahmoud* on the facts, Defendants attempt to undermine Plaintiffs' evidence, but this, too, fails. Plaintiffs testified below to the myriad ways in which H.B. 71 interferes with their religious exercise, which the district court evaluated in its free-exercise analysis. ROA.1630-37; ROA.1778. Defendants now appear to cast aspersions on Plaintiffs' testimony because it came through sworn declarations, rather than live testimony. ECF 369-1 at 9. But Defendants omit that they *agreed* with Plaintiffs that the parties could "rely on, as exhibits for the hearing, the declarations of Plaintiffs and employees of Defendants . . . in lieu of (or in addition to) the declarants' live testimony." ROA.1539-40. If Defendants objected to testimony by declaration, they made no indication to that effect below. Nor did Defendants seek to call Plaintiffs as witnesses. ROA.1566. Defendants cannot now fault the district court for considering Plaintiffs' testimony.

Nor is testimony via declaration improper or less valid than live testimony. In *Mahmoud*, the Court relied upon plaintiffs' testimony (via declaration) to conclude that the challenged instruction posed the type of "objective danger" present in *Yoder*. 606 U.S. at 546. Specifically, the Court concluded: "The parent petitioners in this case reflect this reality:

they all believe they have a 'sacred obligation' or 'God-given responsibility' to raise their children in a way that is consistent with their religious beliefs and practices." *Id.* at 547 (referencing petitioners' declarations). Regardless, "[i]t hardly requires restating that government has no role in deciding or even suggesting whether the religious ground for [Plaintiffs'] conscience-based objection is legitimate or illegitimate." *Masterpiece Cakeshop, Ltd. v. Colo. Civ. Rights Comm'n*, 584 U.S. 617, 639 (2018).

## B. Denominational Neutrality

"The Free Exercise Clause bars even 'subtle departures from neutrality' on matters of religion." *Id.* at 638 (citation omitted); *see also Gillette v. United States*, 401 U.S. 437, 462 (1971) (Free Exercise Clause bars "misuse of secular governmental programs . . . to discriminate invidiously between religions . . . even though the burden may be characterized as being only indirect" (citation modified)). "Factors relevant to the assessment of governmental neutrality include 'the historical background of the decision under challenge, the specific series of events leading to the enactment or official policy in question, and the legislative or administrative history, including contemporaneous

statements made by members of the decisionmaking body.'" *Masterpiece Cakeshop*, 584 U.S. at 639.

The "contemporaneous statements made" by lawmakers betray their latest attempt to sanitize "the legislative record as a whole." *Id.*; ECF 369-1 at 10-11 (citing Louisiana legislators' amicus brief, ECF 287). As considered by the district court, the Act's primary sponsor explained: "I'm not concerned with an atheist. I'm not concerned with a Muslim. I'm concerned with our children looking and seeing what God's law is." ROA.1763-64. This, and many other contemporaneous statements, show that the Act's displays are "clearly designed to present certain values and beliefs as things to be celebrated and certain contrary values and beliefs as things to be rejected." *Mahmoud*, 606 U.S. at 550. "Thus, in addition to the Act's plain language and effects, H.B. 71's legislative history confirms that the law's 'departures from neutrality on matters of religion' are more than 'subtle.'" ROA.1764 (citing *Masterpiece Cakeshop*, 584 U.S. at 638-39).

## III.   The Injunction Is Appropriately Tailored.

Defendants' request that this Court narrow Plaintiffs' "universal" injunction is also unavailing. ECF 369-1 at 13. Defendants conceded below that H.B. 71 leaves "nothing for students to opt out *from*[,]" ROA.1237 (emphasis in original), necessitating the relief granted below to protect Plaintiffs' rights. Absent injunctive relief, Plaintiffs "cannot opt out of viewing the Ten Commandments when they are displayed in every classroom, every day of the year, every year of their education." ROA.1765.

Defendants' suggestion that this Court narrow injunctive relief to only covering Plaintiffs' classrooms is impracticable and baseless. Students routinely travel between classrooms, schools, and even districts during the normal course of their education. Thus, courts have rejected similar "bubble" injunctions as untenable and unlikely to redress Plaintiffs' injuries. *See* ECF 345-2 at 85-87 (describing injunctions issued in challenges to Arkansas's and Texas's Ten Commandments statutes).

Defendants cite to *E.T. v. Paxton*, 19 F.4th 760 (5th Cir. 2021), in arguing for limiting the injunction to Plaintiffs' classrooms and schools. ECF 369-1 at 14-15. According to Defendants, the *E.T.* court narrowed

the injunction issued below because "the injunction could have been tailored to address only the…plaintiffs in [that] action[.]" ECF 369-1 at 14. But Defendants misleadingly cut short the full quoted sentence, which reads: "the injunction could have been tailored to address only the seven plaintiffs in this action, *as well as their school districts*." *E.T.*, 19 F.4th at 769 (emphasis added).

Along with Plaintiffs' school districts, the district court enjoined certain state defendants, BESE and the Superintendent of Education, because those "specific state officials [were] charged with adopting and implementing rules for the enforcement of an unconstitutional law." ROA.1676; La. R.S. § 17:2124(b)(6)(a-b). It is uncontroversial that "a federal court may enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution." *Moore v. La. Bd. of Elem. & Secondary Educ.*, 743 F.3d 959, 964 (5th Cir. 2014) (citing *Ex parte Young*, 209 U.S. 123 (1908)). "Indeed, '[i]njunctions protecting First Amendment freedoms are always in the public interest.'" *Book People, Inc. v. Wong*, 91 F.4th 318, 341 (5th Cir. 2024) (citation omitted).

## <u>CONCLUSION</u>

Because H.B. 71 is unconstitutional under the Establishment Clause and Free Exercise Clause, this Court should affirm.

Dated: December 23, 2025       Respectfully submitted,

                                      */s/Jonathan K. Youngwood*

Daniel Mach                                  Jonathan K. Youngwood
AMERICAN CIVIL LIBERTIES UNION       SIMPSON THACHER & BARTLETT
FOUNDATION                              LLP
915 15th Street, NW, Ste. 600            425 Lexington Avenue
Washington, DC 20005                 New York, NY 10017

Nora Ahmed                                 Alex J. Luchenitser
Charles Andrew Perry                 Amy Tai
AMERICAN CIVIL LIBERTIES UNION       AMERICANS UNITED FOR
FOUNDATION OF LOUISIANA        SEPARATION OF CHURCH & STATE
PO Box 56157                            1310 L Street, NW, Ste. 200
New Orleans, LA 70156               Washington, DC 20005

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701

## CERTIFICATE OF SERVICE

On December 23, 2025, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

*/s/Jonathan K. Youngwood*
Jonathan K. Youngwood

# CERTIFICATE OF COMPLIANCE

This document complies with Federal Rule of Appellate Procedure 32 and the 2,000-word limit authorized by the Court's December 16, 2025 Order, ECF 363-2, because it contains 1,998 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/Jonathan K. Youngwood*
Jonathan K. Youngwood