No. 24-30706

## In the United States Court of Appeals for the Fifth Circuit

DARCY ROAKE, REVEREND, ON BEHALF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL PARTY IN INTEREST S.V.; ADRIAN VAN YOUNG, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL PARTY IN INTEREST S.V.; MAMIE BROADHURST, REVEREND, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST N.W.; RICHARD WILLIAMS, REVEREND, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST N.W.; JEFF SIMS, REVEREND, ON BEHALF OF HIMSELF AND ON BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST A.S., REAL PARTY IN INTEREST C.S. 1, REAL PARTY IN INTEREST C.S. 2; JENNIFER HARDING, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST A.O.; BENJAMIN OWENS, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST A.O.; DAVID HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.H., REAL PARTY IN INTEREST L.H.; ERIN HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.H, REAL PARTY IN INTEREST L.H.; DUSTIN MCCRORY, ON BEHALF OF THEMSELVES AND ON BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST E.M.; REAL PARTY IN INTEREST P.M., REAL PARTY IN INTEREST L.M.; GARY SERNOVITZ, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST T.S.; MOLLY PULDA, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST T.S.; CHRISTY ALKIRE, ON BEHALF OF HERSELF AND ON BEHALF OF HER MINOR CHILD, REAL PARTY IN INTEREST L.A.; JOSHUA HERLANDS, ON BEHALF OF HIMSELF AND ON BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST E.H., REAL PARTY IN INTEREST J.H.,

*Plaintiffs-Appellees*,

v.

CADE BRUMLEY, IN HIS OFFICIAL CAPACITY AS THE LOUISIANA STATE SUPERINTENDENT OF EDUCATION; CONRAD APPEL, IN HIS OFFICIAL CAPACITY

AS A MEMBER OF THE LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION (LSBESE); JUDY ARMSTRONG, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; KEVIN BERKEN, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; PRESTON CASTILLE, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SIMONE CHAMPAGNE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SHARON LATTEN-CLARK, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; LANCE HARRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; PAUL HOLLIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SANDY HOLLOWAY, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; STACEY MELERINE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; RONNIE MORRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; EAST BATON ROUGE PARISH SCHOOL BOARD; LIVINGSTON PARISH SCHOOL BOARD; VERNON PARISH SCHOOL BOARD; ST. TAMMANY PARISH SCHOOL BOARD,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:24-cv-517, Hon. John W. deGravelles

---

## PLAINTIFFS-APPELLEES' MOTION TO STAY THE MANDATE

Daniel Mach
Heather L. Weaver
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW, Ste. 600
Washington, D.C. 20005
(202) 675-2330
dmach@aclu.org
hweaver@aclu.org

Jonathan K. Youngwood
Janet A. Gochman
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com

*Counsel for Plaintiffs-Appellees*
(continued on inside cover)

*Additional Counsel for Plaintiffs-Appellees*

Nora Ahmed
Charles Andrew Perry
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA
PO Box 56157
New Orleans, LA 70156
(504) 522-0628
nahmed@laaclu.org
aperry@laaclu.org

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701
(608) 256-8900
patrick@ffrf.org
sam@ffrf.org

V. Noah Gimbel
Jordan T. Krieger
SIMPSON THACHER & BARTLETT
LLP
900 G Street, NW
Washington, D.C. 20001
(202) 636-5500
noah.gimbel@stblaw.com
jordan.krieger@stblaw.com

Alex J. Luchenitser
Amy Tai
AMERICANS UNITED FOR
SEPARATION OF CHURCH & STATE
1310 L Street, NW, Ste. 200
Washington, D.C. 20005
(202) 466-3234
luchenitser@au.org
tai@au.org

## INTRODUCTION

Plaintiffs-appellees respectfully move this Court to stay the mandate of its per curiam decision (the "Decision"), issued on February 20, 2026, pending the expiration of the time for filing a petition for a writ of certiorari in the United States Supreme Court, and pending the Supreme Court's ruling on any such petition or, if any such petition is granted, the case.

Absent a stay of the mandate, Louisiana's House Bill 71, Act No. 676 ("H.B. 71" or the "Act") will immediately go into effect, and Defendants-appellants will be permitted to post Ten Commandments displays in every public-school classroom in the school districts where Plaintiffs-appellees attend school. The issuance of the mandate is thus likely to disturb the status quo and irreparably harm Plaintiffs-appellees' First Amendment rights before they have had sufficient time to consider seeking Supreme Court review of the sole issue addressed by the Decision—ripeness. Indeed, this Decision conflicts with *Mahmoud v. Taylor*, 606 U.S. 522 (2025), which held that, "when a deprivation of First Amendment rights is at stake, a plaintiff need not wait for the damage

to occur before filing suit." *Id.* at 559-60. A stay of the mandate is warranted here.

## BACKGROUND

On June 19, 2024, Louisiana Governor Jeff Landry signed into law H.B. 71, which requires that a state-selected version of the Ten Commandments be displayed in every Louisiana public-school classroom. The Act mandates the specific requirements for each display: (i) a "poster or framed document that is at least eleven inches by fourteen inches," (ii) displaying "[t]he text of the Ten Commandments" in "large, easily readable font" as its "central focus," and (iii) using the Protestant version of the Ten Commandments, adapted from Exodus 20 of the King James Bible. La. R.S. § 17.2124(B)(1)-(2); ROA.873-74.

On June 24, 2024, Plaintiffs filed suit,[1] asserting that the Act violates the Establishment and Free Exercise Clauses of the First Amendment, and seeking to enjoin H.B. 71. ROA.39.

On November 12, 2024, the district court granted Plaintiffs' request for a preliminary injunction and denied Defendants' motion to dismiss.

---

[1] L.A., the child of Christy Alkire, is no longer enrolled in a school within Vernon Parish School Board. This has no impact on the claims of the other Plaintiffs-appellees against all other Defendants-appellants.

2

ROA.1793-94. The district court held that Plaintiffs' claims are ripe, ROA.1623, ROA.1645-52, and that the Act is unconstitutional under the Establishment Clause. ROA.1626-27, ROA.1703-15.

Defendants-appellants appealed the district court's decision, which a unanimous panel of this Court affirmed. ECF No. 219, Op. 2, 9-16. On February 20, 2026, after en banc argument, this Court vacated the preliminary injunction solely on ripeness grounds. *Roake*, slip op. (5th Cir. Feb. 20, 2026) (en banc). In accordance with this Court's rules and internal operating procedures, the mandate is scheduled to issue on March 13, 2026. ECF No. 389.

## STANDARD OF REVIEW

Under Federal Rule of Appellate Procedure 41(d), "[a] party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court." Fed. R. App. P. 41(d)(1); *see United States v. Perez*, 110 F.3d 265, 266 n.3 (5th Cir. 1997). The party seeking a stay of the mandate "must show that the [certiorari] petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). In determining whether to grant the motion, this Court considers whether there is "a reasonable probability that four

3

members of the [Supreme] Court would consider the underlying issue sufficiently meritorious for the grant of certiorari," the "possibility of reversal," and "a likelihood that irreparable harm will result if that decision is not stayed." *Baldwin v. Maggio*, 715 F.2d 152, 153 (5th Cir. 1983) (cleaned up).

## ARGUMENT

Under Federal Rule of Appellate Procedure 41(d), a stay of the mandate is appropriate where the appeal presents a substantial question and where there is good cause for a stay. Both requirements are met here. Accordingly, a stay of the mandate pending the expiration of the time for the filing of a petition for a writ of certiorari is appropriate. *See Gamboa v. Lumpkin*, No. 16-70023, Dkt. No. 159-2 (5th Cir. June 1, 2023) (granting motion to stay the mandate); *Netchoice v. Paxton*, No. 21-51178, Dkt. No. 261-1 (5th Cir. Oct. 12, 2022) (same); *Degan, et al. v. Bd. of Trs. of the Dall. Police & Fire Pension Sys.*, No. 18-10423, Dkt. No. 149-2 (5th Cir. June 3, 2020) (same).

## I.    A CERTIORARI PETITION WOULD PRESENT A SUBSTANTIAL QUESTION TO THE SUPREME COURT.

In determining whether an appeal presents a "substantial question" for purposes of staying the mandate, this Court considers

4

whether "there is a reasonable probability that 4 members of the Supreme Court would consider the underlying issues sufficiently meritorious for the grant of certiorari" and "whether there is a substantial possibility of reversal." 5th Cir. R. 8.9; *see Baldwin,* 715 F.2d at 153. This appeal satisfies both prongs of this inquiry.

The Supreme Court may grant certiorari when "a United States court of appeals has decided an important question of federal law . . . in a way that conflicts with relevant decisions of [the Supreme] Court." S. Ct. R. 10(c). This Court's decision to vacate the preliminary injunction on ripeness grounds conflicts with *Mahmoud,* which set forth the requirements for pre-enforcement challenges under the First Amendment.

In *Mahmoud,* the Supreme Court considered a pre-enforcement challenge under the First Amendment's Free Exercise Clause to the Montgomery County Board of Education's introduction of LGBTQ+ inclusive storybooks in public-school elementary classrooms and its decision to deny parents notice and opt-out rights. 606 U.S. at 531-37. The Supreme Court held that it did not need "specific allegations describing how the books are actually being used in classrooms" to permit

a pre-enforcement challenge. *Id.* at 559. The Court explained: "We do not need to 'wait and see' how a particular book is used in a particular classroom on a particular day before evaluating the parents' First Amendment claims." *Id.* at 560. Instead, "to pursue a pre-enforcement challenge," a plaintiff need show only that "the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.* (internal quotation marks and citation omitted). As in *Mahmoud*, Plaintiffs-appellees here assert a free-exercise claim, and the Court's reasoning and holding in *Mahmoud* apply equally to Plaintiff-appellees' additional First Amendment Establishment Clause claim.

In its Decision, this Court sought evidence of "how the text will be used," *Roake*, slip op. at 4. But H.B. 71 sets forth extensive requirements for displays of the Ten Commandments in public schools. It specifies the size of the displays, the exact religious commandments that must be imposed on students in every classroom, including "I AM the LORD thy God," and that the commandments must be the "central focus" of the display in font that is "easily readable." La. R.S. § 17:2124(B)(1).

This is more information and detail than was available to the plaintiffs in *Mahmoud*. There, "the decision about which books to use and

6

how they'd be used in an individual classroom [was] left to each teacher's discretion." *Mahmoud v. McKnight*, 102 F.4th 191, 198 (4th Cir. 2024). Although the plaintiffs could not "make specific allegations" as to the specific uses of a "particular book . . . in a particular classroom on a particular day," the Court rejected the argument that the record was too "threadbare" to proceed. *Mahmoud*, 606 U.S. at 559-60. Indeed, the Court criticized the Fourth Circuit for its expectation that "the parents [must] obtain specific information about how a particular book was used or is planned for use at a particular time," noting that the Board did not provide such information, and "it is not realistic to expect parents to rely on after-the-fact reports by their young children to determine whether the parents' free exercise rights have been burdened." *Id.* at 560.

Despite the lack of specific clarity and information about the use of the challenged texts in *Mahmoud*, it was enough that "the Board ha[d] clearly stated how it intend[ed] to proceed," allowing the parents to "base their First Amendment claim on the Board's representations." *Id.* Here, H.B. 71, provides even more information about how Defendants-appellants must proceed with displays of the Ten Commandments in every classroom, and Plaintiffs-appellees, relying on those statutory

representations, have sufficiently demonstrated that "the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *See id.* (internal quotation marks and citation omitted). In deciding to the contrary, this Court disregarded the plain language of *Mahmoud* and adopted a narrow interpretation that cannot be reconciled with the Supreme Court's reasoning or the factual record in that case.

In disposing of this appeal on ripeness grounds, this Court also failed to recognize the extreme hardship that Plaintiffs-appellees will suffer due to the delayed consideration of their claims: They will be forced either to experience the constitutional violation—the imposition of scripture on the children for nearly every hour of the school day, and the infringement of the parents' rights—*before* challenging it, skip school and face truancy charges, or withdraw from public school altogether. The hardship is structurally present here and substantial. *Cf. Mahmoud*, 606 U.S. at 531-32, 560-62.

In light of the conflict between this Court's Decision and *Mahmoud*, there is a reasonable probability that four members of the Supreme Court would choose to consider the ripeness issue presented in any petition for certiorari, and, if certiorari were granted, there is a substantial

8

possibility of reversal. This Court's Decision thus presents a substantial question warranting a stay of the mandate.

## II.    GOOD CAUSE WARRANTS A STAY OF THE MANDATE.

A stay is necessary to prevent the irreparable harm to Plaintiffs-appellees' First Amendment rights that would occur absent such relief, satisfying the requisite showing of good cause.

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Book People, Inc. v. Wong*, 91 F.4th 318, 341 (5th Cir. 2024); *Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)). If the mandate is issued on March 13, 2026, Defendants-appellants will be permitted to display H.B. 71 posters in Plaintiff-appellees' classrooms, and the minor Plaintiffs-appellees would be subjected to H.B. 71 displays every day of their public-school education for the remainder of the school year and for an indefinite period of time until a new or amended challenge can be adjudicated.

In choosing whether to grant the stay, the court considers the importance of maintaining the status quo and whether the stay is in the public interest. *See Louisiana v. Becerra*, 20 F.4th 260, 263 (5th Cir.

9

2021) ("preserving the status quo 'is an important' equitable consideration in the stay decision.") (quoting *Dayton Bd. of Educ. v. Brinkman*, 439 U.S. 1358, 1359 (1978)); *Nken* v. *Holder*, 556 U.S. 418, 428-29 (2009). To avoid the risk of potential constitutional violations, granting the stay is the only way to preserve the status quo pending a potential petition for a writ of certiorari. Furthermore, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014).

There is good cause to stay the mandate.

## **CONCLUSION**

For the foregoing reasons, this Court should stay the mandate of its Decision pending the expiration of the time for filing a petition for a writ of certiorari in the United States Supreme Court, and pending the Supreme Court's ruling on any such petition or, if any such petition is granted, the case.

Dated: March 12, 2026

Respectfully submitted,

*/s/ Jonathan K. Youngwood*

Daniel Mach
Heather L. Weaver
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, Ste. 600
Washington, DC 20005

Nora Ahmed
Charles Andrew Perry
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA
PO Box 56157
New Orleans, LA 70156

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701

Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT
LLP
425 Lexington Avenue
New York, NY 10017

Alex J. Luchenitser
Amy Tai
AMERICANS UNITED FOR
SEPARATION OF CHURCH & STATE
1310 L Street, NW, Ste. 200
Washington, DC 20005

## CERTIFICATE OF CONFERENCE

I certify that in accordance with Fifth Circuit Rule 27.4, I conferred with J. Benjamin Aguiñaga, counsel for Defendant-appellants, to notify him of Plaintiffs-appellees' motion to stay the mandate. Mr. Aguiñaga indicated that Defendant-appellants' object to Plaintiffs-appellees' motion and plan to file an opposition.

*/s/ Jonathan K. Youngwood*
Jonathan K. Youngwood

## CERTIFICATE OF SERVICE

On March 12, 2026, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

/s/ Jonathan K. Youngwood
Jonathan K. Youngwood

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,942 words. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Jonathan K. Youngwood*
Jonathan K. Youngwood